## DAVID TREADWELL *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

A. and B., separate contractors, contracted with the Ward School officers in the city of New York, with the consent and approval of the Board of Education, to build a brick school house; A. to do the carpenter's work and B. the mason's work. By the unskillful manner in which the mason's work was done, the wall fell in before the building was completed, injuring A.'s' work and subjecting him to loss and damage. In an action brought by A. against the city corporation to recover for the negligence of B.

*Held*, 1. That although the defendants were the owners of the school house, they did not employ, nor had they a right, under the school laws, to employ, B., and they were not, therefore, responsible for his negligence.

2. The principle of *respondeat superior* is not applicable in such a case.

An employer is not liable to one of his agents or servants for the negligence of another of his agents or servants, unless he was at fault in the selection of the agent or in some other respect.

In the prosecution of a general enterprise, the employer does not warrant to each person who engages in the enterprise the competency of every agent employed, and cannot be made responsible, unless it is shown that he was guilty of a want of care in the selection of the person through whose negligence the injury occurred; though it is otherwise upon grounds of public policy where the relation of master and servant or of principal and agent does not exist.

Treadwell v. The Mayor, &c.

APPEAL by the plaintiff from a judgment entered on a dismissal of the complaint at Trial Term.

The complaint set forth that David Treadwell, the plaintiff, being a builder, made a lawful contract in writing on the 16th day of June, 1853, with the school officers of the Twelfth Ward of the city of New York, to furnish materials for, and to construct and erect, the carpenter work of a brick school-house. for the said city, to be located in 87th street.

That C. H. Tucker, a mason, on the same day made a similar contract with the said school officers to furnish and erect the mason work of the said school-house.

That the said contracts were several, and had no connection with each other, and that the said Treadwell was required by his contract to place his carpenter work in and upon the said mason work.

That the said parties in the performance of the said several contracts, erected the said building nearly to completion, and that the work of each was at different times, and at different stages of construction, duly inspected and accepted by the defendants, and that on the 13th day of November, 1853, by some defect in the mason work of the said buildings, and from the imperfect and unsubstantial manner of its construction, one wall thereof fell in, doing great damage to the work and materials of the said Treadwell, the plaintiff.

That by the falling of the said wall, the plaintiff was thrown out of employment, with four men, for the space of three months, and subjected to other heavy losses and damages.

That when the said walls were repaired, the plaintiff proceeded, with the knowledge and consent, and at the request of the school-officers aforesaid, to repair and rebuild, and to furnish anew the material for the carpenter work of said buildings, and did so furnish and build the same and complete the said building, which was duly inspected and accepted by the said school officers.

That the plaintiff. has never been paid for the damage caused by the said fall, and that the same is reasonably worth the sum of three thousand dollars.

The answer of the defendants denies that the said work was ever inspected or accepted by them, or that the plaintiff pro-

ceeded with the pair and rebuild or information tions of the co
On the trial, dants moved to among others :
I. That neit the Board of E the defendants want of care ai
II. That a authority as su tiff, then the ployees in the ral business, ai have sustained dants are not l
III. That T negligence or ployees, the de
The motion ment ordered to the General

William W.
I. A munic the negligence 3 Duer, 406 ; 3 N. Y. 463; 500; 10 Ohi 3 Hill, 193 ; 1
II. The a of the school York, are ti of agency. Paley on A proving the through the

Treadwell v. The Mayor, &c.

ceeded with their knowledge or consent, or at their request, to repair and rebuild the said house, and that they have no knowledge or information sufficient to form a belief as to the other allegations of the complaint.

On the trial, the plaintiff having rested his case, the defendants moved to dismiss the complaint on the following grounds, among others:

I. That neither the school officers of the Twelfth Ward nor the Board of Education were the agents of the defendants, and the defendants are not liable for their acts, omissions, or want of care and skill, or of that of their employees.

II. That admitting that they were such agents, and had authority as such to employ the mason Tucker, and the plaintiff, then the plaintiff and Tucker were two servants or employees in the employ of one principal, and in the same general business, and that for any injury which the plaintiff may have sustained through the negligence of Tucker, the defendants are not liable.

III. That Tucker was an independent contractor, for whose negligence or want of skill, or for that of his servants or employees, the defendants are not liable.

The motion was granted by the Judge (BRADY, J.) and judgment ordered for the defendants. The plaintiff then appealed to the General Term.

*William W. Badger*, for appellant.

I. A municipal corporation is liable for damages caused by the negligence of its contractors. 2 Denio, 433; 3 Hill, 531; 3 Duer, 406; 4 N. Y. 338; 5 N. Y. 369; 1 Sandf. 226; 3 N. Y. 463; 12 Wheat. 40; 5 Sandf. 289; 4 Ham. (Ohio) 500; 10 Ohio R. 160; 15 Id. 475; 8 Pick. 356; 23 Id. 31; 3 Hill, 193; 16 Eng. L. & Eq. 445, 447, *note* 1.

II. The acts and contracts of the Board of Education and of the school officers of the various wards of the city of New York, are the acts and contracts of the city, (1) on principles of agency. School Law, § 25; Angell & A. on Corp. 48, 50; Paley on Agency, 2; Story on Agency, 8, 9. The city by approving the appropriations of the school officers, as it did, through the Finance commissioners, and allowing the work to

Treadwell v. The Mayor, &c.

be done, indorsed their action as its own. *Bayley* v. *The Mayor &c.*, 3 Hill, 531; 2 Denio, 433. See 4 Dallas S. C. Pa. 206. (2.) On ground of ownership; School Law § 25, (amendment of 1853.) *Mayor, &c.* v. *Bayley*, 2 Denio, 443, 405; *Jolley* v. *The Board of Police Commissioners*, *Mss.;* Code, § 111.

III. Plaintiff can have no other remedy than the one sought in this action. If the damage was caused by Tucker, as defendants claim, then Tucker is a mere middleman or builder, and responsible only to the party for whom he built. And the same would be true of the Board of Education or of the school officers. *Appleton* v. *The Water Commissioners*, 2 Hill, 433; *City of Albany* v. *Cunliff*, 2 N. Y. 165. See 2 Denio, 118; 2 N. Y. 129; 7 Id. 459.

IV. But the damage claimed in this case was not caused by Tucker, but by the defendants themselves, as represented by the Board of Education.

The doctrine that a principal is not responsible to one servant for damage caused by another servant, has, therefore, no application to this case, as it is not yet decided that the damage was caused by Tucker.

But supposing it caused by Tucker, that doctrine is, then, only applicable to cases where the injured servant has, by the terms of his contract, by implication or otherwise, agreed to take the risks of his employment, and then only when the injury is one *to the person*, and there can be a remedy against the immediate wrong-doer. Such were the cases of *Farwell* v. *The Boston & Worcester R. R. Co.* 4 Met. 49, and of *Coon* v. *The Syracuse & Utica R. R. Co.* 5 N. Y. 492.

*Richard Busteed*, for respondents.

I. The respondents are not liable, as the work which was being performed by the plaintiff, and Tucker, the mason, was not performed under contracts made with the respondents or by their agents, and no person can be rendered liable to *respond* to a party for injuries sustained by him through the negligence of a third person, unless the relation of principal and agent, or master and servant, exists between them. And such relation cannot be created except by contract, express

or implied,
servant. S
*Pointer*, 5
& Ellis, 73
Dom. Rel.
school office
with the pl
defendants.
Davies' La
title is in th
Board of E

II. If tl
Board of E
ployed Tuc

III. Cor
Education
carpenter (t
one princip
responsible
tained by h
vant when
And this ru
are distinct.
common e
7 N. Y. 40
*S. Carolin*
*R. Co.* 3 (
*Kegan* v. V
37 E. L. &

By the
defendants
not and co
thing to d
want of sl
not respo
*Mayor*, &
the party
choice of u

or implied, between the principal and agent, or master and servant. *Stevens* v. *Armstrong*, 2 Selden, 435 ; *Laugher* v. *Pointer*, 5 Barn. & Cres. 547 ; *Milligan* v. *Hedge*, 12 Adol. & Ellis, 737 ; *Sproul* v. *Hemmingway*, 14 Peck. 1 ; Reeves Dom. Rel. p. 310 ; Story on Agency, sec. 452–6. (1) The school officers of the Twelfth Ward, who made the contract with the plaintiff and with Tucker, are not the agents of the defendants. The corporation has no control over their action. Davies' Laws, 1057 ; Laws of 1851, p. 74. (2) Though the title is in the corporation, the control of the property is in the Board of Education, and also the school funds.

II. If the appellant has any claim at all, it is upon the Board of Education, or the Board of School Officers who employed Tucker.

III. Conceding that the school officers and the Board of Education are the agents of the respondent, the mason and carpenter (the appellant) were two servants in the employ of one principal, and the rule is, that a principal cannot be held responsible to one of his agents or servants for injuries sustained by him through the negligence of another agent or servant when both are engaged in the same general business. And this rule applies, though the employments of the agents are distinct, when both are necessary in the prosecution of a common enterprise. *Coon* v. *Utica and Syracuse R. R. Co.* 7 N. Y. 492 ; *Priestly* v. *Fowler*, 3 Mees. & W. 1 ; *Murray* v. *S. Carolina R. R. Co.* 1 McMullen, 385 ; *Hays* v. *Western R. R. Co.* 3 Cushing, 270 ; *Brown* v. *Maxwell*, 6 Hill, 594 ; *Kegan* v. *Western R. R. Co.* 8 N. Y. 175 ; *Tarrant* v. *Webb*, 37 E. L. & E. 281.

BY THE COURT.—DALY, F. J.—If it be conceded that the defendants are the owners of the school-house, still, as they had not and could not have, (Laws of 1851, 747, §§ 23, 24, 7,) any thing to do with the employment of Tucker, through whose want of skill or negligence the plaintiff was injured, they are not responsible. " Where," says Jewett, J. in *Pack* v. *The Mayor*, 4 Seld. 222, " the party employing has the *selection* of the party employed, it is reasonable that he who has made choice of an unskillful or careless person to execute his orders,

should be responsible for an injury resulting from the want of skill or want of care of the person employed." This is the rule with the reason upon which it is founded succinctly stated. The authority to erect the school-house was granted by the Board of Education, and the contracts for its erection were entered into by the school officers of the Twelfth Ward. They contracted with Tucker to do the mason work, and with the plaintiff to do the carpenter work, and as the injury to the plaintiff arose from the falling in of the wall of the school house in the course of its erection, through the negligence or want of skill of Tucker, the defendants are not answerable for his acts. It has been distinctly settled in the case above cited and in *Kelly* v. *The Mayor, &c.*, 1 Kernan, 432, and in *Blake* v. *Ferris*, 1 Seld. 48, that the relation of principal and agent or master and servant does not exist unless the party sought to be charged, employed, or had the selection of, the person to whose negligence the injury is attributable, though what was done was for that party's benefit, and though it may have been done under the supervision of an agent or officer appointed by him.

.But independent of the question of the responsibility of the defendants, the principle of *respondeat superior* is not applicable in the case at all. It is well settled in this State that an employer is not liable to one of his agents or servants for the negligence of another of his servants or agents, unless he was himself at fault in the selection of the agent, or in some other respect. In the prosecution of a general enterprise the employer does not warrant to each person who engages in the enterprise the competency of every agent employed, and cannot be made responsible unless it is shown that he was guilty of a want of care or of negligence in the selection of the person through whose negligence the injury occurred, though it is otherwise where the relation of master and servant, or of principal and agent does not exist, upon grounds of public policy, *Tunant* v. *Webb*, 18 Common Bench, 797. If the contract in this case was for the erection of a wall of insufficient width or thickness, and the injury arose from putting up a wall of that description, the principal should be answerable for that which was the direct consequence of his own act. *Keegan* v. *The Western R. R. Co.* 4 Seld. 175. But it was clearly shown in

the case that the falling of the wall was not attributable to any thing in the contract, plan or specification, but arose from the insecure or improper way in which Tucker, the mason, laid the foundation, and there was no evidence whatever from which the jury could find that the school officers were guilty of want of care or negligence in employing Tucker to do the mason work.

The nonsuit, therefore, was properly granted.