JOHN C. HAM, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

The department of public instruction of the city of New York, created under and by the act of 1871 (§ 7, chap. 574, Laws of 1871), re-organizing the local government of that city, although formally constituted a part of the city government, is charged with the performance of duties, not local or corporate, but relating and belonging to an administrative branch of the State government. The commissioners of said department have also exclusive authority as to the employment and control of

subordinates and servants. The city corporation, therefore, is not liable for negligence or unskillfulness in the discharge of their duty on the part of subordinates or servants employed by the commissioners.

(Argued June 18, 1877; decided September 18, 1877.)

APPEAL from order of the General Term of the Superior Court of the City of New York, setting aside a verdict in favor of plaintiff and granting a new trial. (Reported below, 5 J. & S., 458.)

This action was brought to recover damages alleged to have been sustained by plaintiff in consequence of the negligence of defendant's employees and servants.

The complaint alleged, and plaintiff's evidence tended to show, that he had a wareroom or repository for carriages and harness on sale in the city of New York. That the department of public instruction occupied the upper part of the building for a normal school, the same having been leased by the board of education prior to the creation of said department; that the water-closets connected with the school were defectively constructed, and negligently used, so that dirty and foul water therefrom ran down into plaintiff's premises, injuring his stock. Defendant's counsel, on the trial, moved to dismiss the complaint, on the ground, among others, that defendant was not liable for negligence on the part of the department of public instruction or its agents. The motion was denied, and said counsel duly excepted.

The court charged, among other things, that defendant was liable for damages resulting from the negligence of the employes of said department, to which defendant's counsel duly excepted. The jury rendered a verdict for the plaintiff. Exceptions were ordered to be heard, at first instance, at General Term.

*Roger H. Lyon*, for the appellant. The closets were, at the time of the injury complained of, the property of the respondent. (Laws 1854, chap. 101, § 2; subd. 11, Const. art. 8, § 3; Laws 1869, chap. 437; *Gildersleeve* v. *Bd. of Education*, 17 Abb. Pr., 201, 211; A. & A. on Corps. [9th

ed.], §§ 309, 659; Laws 1871, chap. 574; *Miller* v. *Mayor, etc.,* 3 Hun, 35; *N. Y. Bal. Dock Co.* v. *Mayor, etc.,* 8 id., 247; *Clarrisy* v. *Met. Fire Dept.,* 1 Swu., 224; 7 Abb. Pr. [N. S.], 552; *Gardner* v. *Bd. of Health,* 4 Sandf., 153.) The department of public instruction being an integral part of the corporation of the city of New York can neither sue nor be sued. (*Gildersleeve* v. *Bd. of Education,* 17 Abb. Pr., 201; *Brady* v. *Suprs. of N. Y.,* 10 Seld., 260; 2 Sandf., 460.) The corporation of the city of New York succeeded to all the property, rights, duties and obligations of the board of education, including the leases in question and the water apparatus. (*Miller* v. *Mayor, etc.,* 3 Hun, 35.) The respondent was guilty of negligence in permitting the water apparatus to be used in a defective condition. (2 Hill on Torts, 73; *Bedell* v. *L. I. R. R. Co.,* 44 N. Y., 367–370; *Wolfkiel* v. *Sixth Ave. R. R. Co.,* 38 id., 49; *Wooden* v. *Austen,* 61 Barb., 49; *Penn. R. R. Co.* v. *Barnett,* 59 Penn., 259; *Bailey* v. *Mayor, etc.,* 3 Hill, 531; *Darlington* v. *Mayor, etc.,* 31 N. Y., 164, 198; *Martin* v. *Mayor, etc.,* 1 Hill, 545; *Lorillard* v. *Town of Monroe,* 11 N. Y., 392; *Bk. of Comm.* v. *Mayor, etc.,* 43 id., 184; *Maximilian* v. *Mayor, etc.,* 62 id., 167; *Irvin* v. *Wood,* 54 id., 224; *Eakin* v. *Brown,* 1 E. D. S., 36; *McCarthy* v. *City of Syracuse,* 46 N., 194; *Roch. W. Lead Co.,* v. *City of Rochester,* 3 id., 463; *Lloyd* v. *Mayor, etc.,* 5 id., 369; *Delmonico* v. *Mayor, etc.,* 1 Sandf., 222; *Donohue* v. *Mayor, etc.,* 3 Daly, 65; *Barton* v. *City of Syracuse,* 36 N. Y. 54; *Lacour* v. *Mayor, etc.,* 3 Duer, 406; *Corad, Trustee* v. *Village of Ithaca,* 16 N. Y., 161–168; *Storrs* v. *City of Utica,* 17 id.. 104; *Grant* v. *City of B'klyn,* 41 Barb., 381; *Davenport* v. *Ruckman,* 37 N. Y., 568; *Hume* v. *Mayor, etc.,* 47 id., 639; *Barton* v. *City of Syracuse,* 36 id., 54; *McGinity* v. *Mayor, etc.,* 5 Duer, 674.)

*D. J. Dean,* for the respondent.

MILLER, J. The liability of the defendant in this action rests upon the principle that it is responsible for the negli-

gent act of its servants, under the doctrine of *respondeat superior*, which is based upon the right of the employer to select his servants, to discharge them if careless, unskillful or incompetent, and to direct and control them while in his employ. This rule has no application where the power referred to does not exist. (*Blake* v. *Ferris*, 5 N. Y., 48; *Pack* v. *Mayor*, etc., 8 N. Y., 222; *Kelly* v. *The Mayor*, 11 N. Y., 432.) In the last two cases cited it was held that a municipal corporation was not liable for injuries sustained by reason of the negligence of workmen employed by a contractor who agreed to perform the work in conformity with a plan referred to in the contract and at a stipulated price.

The application of the rule referred to in this case depends upon the question whether the power to discharge, direct and control, existed and is the main point which is now to be determined. This of necessity involves an inquiry as to the relation which existed between the defendant and the department of public instruction, which, by virtue of chapter 574, S. L. of 1871, § 7, was created a branch of the government of the city of New York " to have the same powers and discharge the same duties which are now vested in the board of education in said city."

The latter board was a corporation authorized to hold property for educational purposes, and was vested with the management of the schools, and control over the school buildings. (Chap. 386, S. L. 1851.) Upon a report of the amount required to meet necessary expenses, the board of supervisors were required to raise the same. (Id. § 3.) It could also sue and be sued as an independent corporate body, and it is held, in some of the reported cases, that the city was not liable for its debts nor its contracts or torts. (*Terry* v. *Mayor*, etc., 8 Bosw., 504; *Treadwell* v. *Mayor*, etc., 1 Daly, 123.) It might also be sued and a recovery had upon its contract. (*Gildersleeve* v. *The Board of Education*, 17 Abb., 201; *Coulter* v. *The Same*, 63 N. Y., 365.)

The act of 1871 does not, however, declare that this

department shall possess the powers and privileges of a cor-poration, but it evidently was the apparent intention to make its officers and servants to a great extent, independent of the corporation, and not liable to the control of the city government. Whether it was a corporate body is not material, for although formally constituted a department of the municipal government, the duties which it was required to discharge were not local or corporate, but related and belonged to an important branch of the administrative department of the State government. Although the com-missioners were appointed by the mayor, they were vested with full power and authority to manage and control the educational interests of the entire municipality, and to appoint all subordinate officers and employes who were subject to their government and control exclusively, and were their servants and subordinates. The commissioners, in the discharge of their functions, were not amenable to the corporation in any respect, and those who were in their employ as servants and subordinates were subject to the commissioners, bound to obey their orders and directions, and the defendant had no authority whatever either to employ, manage, control and direct their action, or to remove or discharge them for unskillfulness or neglect of duty. Having no right either to select or to remove, as already seen, the rule of *respondeat superior* could not well be applied. To render the corporation liable for the acts of officers or agents, they must necessarily have been its agents and servants, selected or appointed, and liable to be removed by, and responsible to the corporation for the manner in which they should discharge the trust reposed in them; and even when represented or elected by the corporation, it is only when the duties relate to the exercise of corporate power, and is for the benefit of the corporation that they are servants and agents within the maxim referred to. If only elected or appointed in accordance with the mandates of the law to perform a duty which is neither local or corporate, and if they are independent of the corporation in the tenure

of their office, and the mode of discharging its duties, they are not servants or agents of the corporation, but public or State officers, with such powers and duties as the statute prescribes, and no action lies against the corporation for their acts or negligence.

These rules, which are stated more at length in 2 Dillon on Corporation (§ 772), as the result of the decisions, would preclude the plaintiff from any recovery in this action. The question has also been the subject of consideration in the recent case of *Maxmilian* v. *The Mayor* (62 N. Y., 160), and that authority is, we think, decisive as to the plaintiff's claim. The action in that case was brought to recover damages for the negligent killing of plaintiff's intestate by an ambulance wagon driven by an employe of the commissioners of public charities and corrections, and it was held that the defendant was not liable. The authorities are carefully considered in the opinion of FOLGER, J., and it is laid down that when the act of the officer is done in the performance of a duty laid by the law upon him, and not by the municipality, the latter is not liable for his negligence therein. A distinction is also pointed out as to the kind of duties imposed upon a municipal corporation, one of which arises from the grant of special power in the exercise of which the municipality is a legal individual, and the other arises or is implied from the use of political rights under the general law, in the exercise of which it is as a sovereign. And it is held that in the former the power is private, and used for private purposes, and the latter is public and used for public purposes; that in the exercise of the former, and under the duty which the acceptance and use of. the power involves, a municipality is like a private corporation, and liable for a failure to use its power well, or for injury caused by using it badly. But when the duties are of the latter class they are to be performed by officers who, though appointed by the corporation through the nomination of its executive agents, yet they are the officers, and hence the servants of the public at large, not under the control of the municipality, and the

corporation is not responsible for the acts or omissions of subordinates appointed by them.

The department of charities and corrections sustained similar relations to the defendant as the department of public instruction, and the driver of the ambulance occupies the same position as the subordinates of the commissioners whose alleged negligence caused the injury for which a recovery was sought, and the same principle is applicable. The case last cited is directly in point, and without, therefore, considering other questions, which are raised, it is apparent that the plaintiff could not maintain the action, and that the General Term were right in setting aside the verdict, and their order should be affirmed.

All concur, except RAPALLO, J., absent.

Order affirmed.