ELIZABETH TWOGOOD, Appellant, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

(Decided June 5th, 1882.)

The provisions of the charter of the City of New York of 1873, and of chapter 850 of Laws of 1873, granting to the Department of Public Parks certain powers over the streets, &c., south of 59th Street in that city, do not transfer from the municipality to that department the duty of keeping in proper condition the sidewalks bordering upon such parks.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

On the 20th of January, 1881, the plaintiff, while passing over the sidewalk bordering Christopher Street Park, slipped on the ice and was injured. This park is below Fifty-ninth Street. The court on the trial dismissed the complaint, from consideration of but one question. From the judgment and an order denying a motion for a new trial the plaintiff appealed to this court.

*George J. Lay, Jr.,* for appellant.

*David J. Dean,* for respondents.

BEACH, J.—[After stating the facts as above.]—The learned justice who presided on the trial decided that the legislature had transferred the duty of keeping the sidewalk in condition from the defendants to the Commissioners of the Department of Public Parks, and thereby relieved

the former from the responsibility sought to be upheld in this action. If the defendants are liable, it is because they have neglected to do what should have been done by them, and the plaintiff has therefrom suffered injury. Where the neglect by an official is in regard to a duty imposed by law, and not by the municipality, the latter is not responsible, because the rule of *respondeat superior* does not apply (*Maximilian* v. *The Mayor*, 62 N. Y. 160; *Ham* v. *The Mayor*, 70 N. Y. 459).

The sole question is, whether or not the duty to keep the sidewalk in condition has been taken from the defendants and imposed upon the Department of Public Parks. If so, it was done by law, and the municipal corporation is not liable for the omission or neglect of that department.

It is quite natural that the control of parks, but not necessarily adjacent streets and sidewalks, should be committed to a department specially created for their general supervision and improvement. This has been the tendency of legislation since the Commissioners of Central Park were named in 1857 (L. 1857, c. 771; L. 1859, c. 363; L. 1860, c. 85; L. 1864, c. 275; L. 1865, c. 564; L. 1866, c. 367, § 7, and c. 697, § 6).

The present charter grants to the Common Council authority to regulate by ordinance the cleaning of streets, avenues, sidewalks and gutters, and the removal of snow and ice therefrom. In the same act the Department of Parks is clothed with the control and management of all public parks and streets immediately adjoining, above Fifty-ninth Street, and public places which are of the realty of the City of New York, excepting the buildings in City Hall Park. It is probable the streets above Fifty-ninth Street were included because of the important improvements then in progress and contemplated in that less populous section of the city, where streets should be regulated and improved in harmony with plans for parks. The reverse applied to the densely populated division of the city where improvements of that character were impossible, and the streets were not mentioned.

By Laws of 1873, chapter 850, the determination of lines of curbs and other surface constructions in all streets and avenues within the distance of 350 feet from the outer boundaries of any public place or park is given to the department. It is enacted by section 3 that all moneys appropriated for the improvement and maintenance of public parks shall be deemed appropriated for the improvement and maintenance of the avenues and streets so bordering within the distance mentioned, so far as the work of such improvement and maintenance is done by said department.

In this review of legislation, the transfer of the custody, care and control of either sidewalks or streets adjacent to parks south of Fifty-ninth Street, from the municipality to the Department of Parks, nowhere appears, except for the restricted purpose of determining lines of curbs and other surface constructions. The application of funds relates to work for improvement and maintenance, done by virtue of powers existent when the act was passed. At that time, there was no law imposing upon that board the duty of cleaning those sidewalks and streets. This had, from time immemorial, rested with the corporation, and any change involving so important a disposition of municipal obligation, should be accomplished by clear enactment, or a legislative intent not liable to misconstruction.

With great deference to the learned judge who wrote the opinion at trial term, I am unable to appreciate the controlling effect given by him to the statement in the act (L. 1873, c. 850, § 1) that it should not be construed to authorize the board to do certain specified works, then within the jurisdiction of the Department of Public Works. No reference, either express or to be implied, is made to keeping the streets in proper condition, a work then in charge of a bureau of the corporation, wholly disconnected with that department.

The restriction by the legislature upon the provision does not constitute a grant of powers or an imposition of duties not derivable from the text.

The judgment and order should be reversed and a new trial had, with costs to abide the event.

VAN HOESEN, J.—The intention of the legislature appears to me to have been to commit to the Park Commissioners the duty of determining what plans should be adopted for beautifying the streets adjacent to the parks, and to leave to the Department of Public Works the duty of doing·the manual labor required in carrying the plans of the Park Commissioners into execution. This is evident from the language of several sections of the statutes that apply to the duties of the Park Commissioners. For instance, the Park Commissioners are to determine the lines of curb and other surface constructions in the streets within a distance of 350 feet from the outer boundaries of any park, but the setting of the curb is to be done by the Department of Public Works. The Park Commissioners are to plant trees, erect seats, drinking fountains, statues and works of art, and they are also to regulate the uses to which the streets may be put, and to decide what erections or projections may be allowed on the streets. The Department of Public Works is, however, to do the manual work of paving, grading, sewering, curbing, and guttering. The Park Commissioners have no power to pave any street or to do any repairs to the paving, though they have, I presume, the right to select the kind of pavement that the Department of Public Works shall lay. The only manual work that the Department of Parks is empowered to do upon the streets adjacent to the parks is the planting of trees, the building of seats and of drinking fountains, and the erection of statues and works of art. There is no statute which empowers the Park Commissioners to spend money upon the streets adjacent to the parks for any other purpose. They have nothing to do with keeping the pavement in repair or in safe condition. It is not their duty to remove obstructions in the streets, for no law declares it to be so. The keeping of the pavement in safe condition for passers, by maintaining the sidewalks and removing obstruc-

tions, is a duty resting upon the city, and it is not to be supposed that the legislature intended to relieve the municipality from that duty because it entrusted the Department of Parks with the control of the work of embellishing in a certain specified way the streets adjacent to the parks.

I agree with Judge BEACH in saying that the judgment should be reversed and a new trial ordered, with costs to abide the event.

J. F DALY, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.