By the Court.—O’Gorman, J.
This action is brought for the recovery of damages from the defendant for an "injury received by the plaintiff by falling on ice which had accumulated on the side-walk in front of a public schoolhouse in this city, of which the defendants were the owners. The accident occurred on January 17,1882, between *296 two and three o’clock in the afternoon. The plaintiff’s counsel in his opening, said he was not able to prove the precise hour when the snow had ceased to fall; but that at all events there was glare ice in front of the building. He also said, in answer to the question from defendant’s counsel: ‘ ‘ This action against the city is based on the neglect of its corporate duties, of keeping the side-walk clear, and the element that the city is the owner of the property, is invoked for the purpose of strengthening the position that the general duty of the city is to keep all the sidewalks clear. On the question of notice, we shall rely solely and exclusively on the fact that the legal title is in the city.” The plaintiff’s counsel put in evidence, sections 317, 318, of the Revised Ordinances of the city of New York, requiring owners or occupants of dwellings to remove snow or rain which shall freeze on the sidewalk, within four hours after it shall have fallen, under a penalty of three dollars for every such neglect, and also in case the ice or snow shall be congealed, &c., to throw ashes or sand on it, under penalty of one dollar.
The learned trial judge, on motion of the counsel for the defendants, dismissed the plaintiff’s complaint on the opening.
The questions to be examined are, whether in case of the existence of ice on the side-walk in front of a house in the city of New York, occupied and used as a public school, the legal title to which, however, is vested in the defendants, and a passer-by being injured by falling on said ice, the defendants can be held liable in damages to the person so injured without proof of notice to the defendants actual or constructive, before the accident, of the existence of such ice, and whether the mere fact of the legal title to the school house being vested in the defendants, warrants the presumption that they had received notice of the existence of the ice before the occurrence of the accident.
Both of these questions should be, in my opinion, answered in the negative.
The mere ownership of the property does not subject the *297 owner to liability for failure to remove ice from the adjacent sidewalk (Moore v. Gadsden, 87 N. Y. 84). The building being a school-house, the custody and control of it was in the hands of the trustees of the ward (Laws 1853, chap. 101, § 10; Laws 1804, chap. 351, § 19). The defendants had no control over the use of the building.
The accident was the result of natural causes, not permanent in their nature, and which defendants had no part in creating. In such cases, negligence is not imputable to the owner, and he is not liable in damages for the mischief that may ensue (Swords v. Edgar, 59 N. Y. 36).
The legal ownership by the defendants, of a school house, used exclusively for school purposes, and under the exclusive control of the Board of Education, does not create any liability in defendants for any injury occurring by reason of the negligence of said board or its servants in the use or care of the premises (Ham v. Mayor, 70 N. Y. 459; Maxmilian v. Mayor, 62 Id. 167). The fact that the owner of a house is liable to a fine, for failure to comply with the city ordinance as to removing snow or ice from the sidewalks, does not create any liability in said owner, to persons injured by his failure to remove said snow or ice, or strengthen the claim of any one so injured, against him.
The violation of a corporation ordinance, gives no right of action which did not exist before. (Fuchs v. Schmidt, 8 Daly, 318). Moreover, a municipal corporation cannot be held liable in tort for failure to obey its own ordinances, (Fowle v. Alexandria, 3 Peters U. S. 409).
The fact then that the legal title to the school-house was vested in the defendants did not create any liability on defendants for injury occurring by reason of snow or ice on a sidewalk adjacent to the school-house.
Apart from the claim of liability in defendants, made by the plaintiff’s counsel, by reason of ownership of the premises, there is not any evidence that would warrant a finding of constructive notice of any kind in defendants of the dangerous condition of the sidewalk (Blakely v. *298 Troy, 18 Hun, 167; Evers v. Hudson R. R. Co., 18 Id. 144).
Without proof of such notice, express or constructive, negligence cannot be imputed to the defendants (Todd v. Troy, 61 N. Y. 506).
The judgment appealed from should be affirmed, with costs.
Sedgwick, Ch. J., concurred.