(23 Misc. Rep. 313.)

### DOTY v. VILLAGE OF PORT JERVIS.

(Supreme Court, Special Term, Orange County. April, 1898.)

MUNICIPAL CORPORATION—NEGLIGENCE OF OFFICER—LIABILITY.

　　Negligence of a municipal officer, in the exercise of his public governmental functions, by appointing as police officer one who was negligently inefficient and dangerous, is not imputed to the municipality, and creates no liability on its part for the wrongful killing of a person by such police officer.

Action by Lizzie Doty, administratrix, against the village of Port Jervis. Heard on demurrer to the complaint. Judgment thereon, with costs.

Wilton Bennett, for plaintiff.

John W. Lyon, for defendant.

HIRSCHBERG, J. The defendant demurs to the complaint, upon the ground that it does not state facts constituting a cause of action. It alleges that the plaintiff's decedent, her husband, was killed in October, 1895, at the village of Port Jervis, by one Edward G. Loreaux, then a special police officer of the village; that he was appointed such officer by the president of the village; that he was an incompetent, inefficient, negligent, and dangerous man, utterly unfit and incompetent to fulfill the duties of the office occupied by him; that the defendant had actual notice of his unfit and dangerous character; and that the killing of her husband was the action of an incompetent, negligent, and dangerous person. The complaint demands judgment for $25,000, damages resulting from such death as the consequence of defendant's negligence in permitting Loreaux to discharge the duties of his said office. The facts and circumstances

of the homicide are not detailed, nor is it alleged that Loreaux was at the time acting for the defendant, engaged in the discharge of any duties pertaining to his office, or that the killing was the result of any carelessness or negligence upon his part.

Assuming that, under any conceivable circumstances, the action could be maintained, the complaint would nevertheless be fatally defective, because of the absence of sufficient facts to justify the charge made against the village. But it is well settled that the action will not lie in any event. Municipal corporations are not liable for the acts or omissions of their officials in relation to matters of purely governmental concern. This doctrine has been considered and applied by the court of appeals, recently, in the cases of Hughes v. County of Monroe, 147 N. Y. 49, 41 N. E. 407, and Springfield Fire & Marine Ins. Co. v. Village of Keeseville, 148 N. Y. 46, 42 N. E. 405. In the former case an attempt was made to recover damages for an injury sustained while operating a steam mangle belonging to the defendant in the laundry of the county insane asylum, and in the latter case to recover damages for negligent failure to maintain effective waterworks and fire appliances, as required by law. In both cases the functions to be exercised were declared to be public, and not individual, in their nature, involving the exercise of sovereign power delegated by the state, and creating no liability for the negligence of the agents of the municipality, or for the nonuser or misuser of the power conferred. To the same effect is the case of Maxmilian v. Mayor, etc., 62 N. Y. 160, where the plaintiff sought to recover damages for the death of her intestate, who was killed by an ambulance wagon negligently driven by an employé of the commissioners of charities and corrections. It was held that when the city of New York, by legislative enactment, was required to elect or appoint an officer to perform a public duty laid, not upon it, but upon the officer, in which it had no private interest, and from which it derived no special advantage, such officer is not a servant or agent of the municipality for whose acts it is liable, even though the officer had in charge and was negligently using corporate property. The nonliability of municipal corporations having special charters for the acts of their officers when engaged in the discharge of public duties, and to that extent exercising acts of sovereignty, is established by numerous authorities. Ensign v. Board, 25 Hun, 20; Alamango v. Board, Id. 551; Ham v. Mayor, etc., 70 N. Y. 459; Smith v. City of Rochester, 76 N. Y. 506; Benton v. Trustees, 140 Mass. 13, 1 N. E. 836; Curran v. City of Boston, 151 Mass. 505, 24 N. E. 781.

In Buttrick v. City of Lowell, 1 Allen, 172, a case was presented exactly in point, and it was held on the authority of the principle herein asserted that a city is not liable for an assault and battery committed by its public officers, even though it was done in an attempt to enforce an ordinance of the city. The court said:

"Police officers can in no sense be regarded as agents or servants of the city. Their duties are of a public nature. Their appointment is devolved on cities and towns by the legislature as a convenient mode of exercising a function of government; but this does not render them liable for their unlawful or negligent acts. The detection and arrest of offenders, the preservation of the public peace, the enforcement of the laws, and other similar

powers and duties with which police officers and others are intrusted, are derived from the law, and not from the city or town under which they hold their appointment. For the mode in which they exercise their powers and duties, the city or town cannot be held liable."

In Culver v. City of Streator, 130 Ill. 238, 22 N. E. 810, the plaintiff was shot and wounded by a police officer while the latter was carelessly and negligently attempting to kill a dog, in the enforcement of an ordinance prohibiting the running at large of unlicensed and unmuzzled dogs; and it was held that the policeman was not an officer or agent of the city, and that the latter was not liable for the injuries resulting from his carelessness and negligence in the discharge of his public duties.

The complaint asserts no negligence whatever on the part of the defendant as a corporation. The appointment of the police officer was not its act, but the act of its president, over which it possessed neither control nor supervision. The case is to be distinguished from those cited in the plaintiff's brief, and in which injuries resulted from the negligent exercise of general municipal powers, as distinguished from governmental powers,—in this instance the police power.

The principle of immunity is laid down in Shear. & R. Neg. (4th Ed.) § 253, as follows:

"The governmental powers of the state are further exercised by a great number of municipal and quasi municipal organizations, such as cities, towns, counties, and boards, to which, for purposes of government and for the benefit and service of the public, the state delegates portions of its sovereignty, to be exercised within particular portions of its territory, or for certain well-defined public purposes. To the extent that such local or special organizations possess and exercise governmental powers, they are, as it were, departments of state; as such, in the absence of any statute to the contrary, they have the privilege and immunity of the state. They partake of the state's prerogative of sovereignty, in that they are exempt from private prosecution for the consequences of their exercising or neglecting to exercise the governmental powers they possess. To the extent that they exercise such powers, their duties are regarded as due to the public, not to individuals. Their officers are not agents of the corporation, but of 'the greater public,'—the state. No relation of agency existing between the corporation and its officers with respect to the discharge of these public, governmental duties, the corporation is not responsible for the acts or omissions of its officers therein. This is nothing more than an application and proper extension of the rule that the state is not liable for the misfeasance of its officers."

It follows that the defendant should have judgment upon the demurrer, with costs.

Judgment upon the demurrer, with costs.

