(32 Misc. Rep. 571.)

### BROWN v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. October, 1900.)

MUNICIPAL CORPORATIONS—SCHOOL PROPERTY—TITLE—CONTROL— DEFECTIVE CONDITION—PERSONAL INJURY—LIABILITY OF MUNICIPALITY.
Consolidation Act, § 1029, provides that title to all school property in the city of New York shall be vested in the mayor, aldermen, and commonalty of said city, but shall be under the care and control of the board of education, and all suits in relation to the same shall be brought in

the name of said board. Plaintiff, a pupil in the public schools, while on the playground, which had a board floor, fell and caught her leg in a hole in the flooring, whereby she sustained injuries, for which she sued the city. *Held,* that the city was not liable, as it could not be held for the negligence of the board of education.

Action by Rebecca Brown, an infant, by her guardian, against the city of New York, to recover damages for personal injuries. Complaint dismissed.

Simon O. Pollock, for plaintiff.
John Whalen and H. S. Rankine, for defendant.

McADAM, J. On the 9th day of December, 1898, the infant plaintiff was a pupil in attendance at primary department of public school No. 108, situated in Mott street, between Canal and Bayard streets. During the recess hour she fell in the playground, which had a board floor, and through the defective condition of the floor the plaintiff's right leg, up to the knee, went into a hole in the flooring, in consequence of which several splinters of wood were forced into said leg, causing serious injury to the plaintiff, for which she sues to recover $25,000. The defect had existed for a sufficient length of time to imply notice to the defendant, and the question is whether the municipality owed the plaintiff any duty in respect to said defect, and is liable, as a consequence, for the damage. The plaintiff charges (1) negligence on the part of the defendant, and (2) that the hole in the floor constituted a nuisance. In order to intelligently dispose of the legal propositions involved, it is first necessary to consider the relation of the municipality to the school buildings belonging to it after they have been placed under the control of the board of education; for neither the members of that board nor the subordinates appointed by them are agents or servants of the municipality for whose negligence it is liable. Maxmilian v. Mayor, etc., 62 N. Y. 160; 2 Dill. Mun. Corp. (4th Ed.) § 924. The board of education was originally created by chapter 386, Laws 1851. Chapter 301, Laws 1853, provided that all the property used for school purposes should be under the control and care of the board of education, but that the title should be vested in the city. In this particular respect this statute has never been amended. The New York City consolidation act (chapter 410, Laws 1882), in force from January 1, 1882, to January 1, 1898, in reference to the management of the public schools and public-school system in the city of New York, contains the following provisions:

"Sec. 1022. There shall be in the city of New York a board of education which shall, under that designation, have full control of the public schools and the public school system of the city, subject only to the general statutes of the state upon education. Said board shall consist of twenty-one commissioners of common schools, appointed by the mayor. * * *"

"Sec. 1029. Title to all school property, real and personal, purchased with any money derived from the distribution or apportionment of the school moneys, or raised by taxation in the city of New York, shall be vested in the mayor, aldermen and commonalty of said city, but shall be under the care and control of the board of education for the purpose of public education, and all suits in relation to the same shall be brought in the name of said board."

Sections 1055, 1062, 1063, and 1064 of the Greater New York charter contain substantially the same provisions as the consolidation act in reference to the board of education. In Shear. & R. Neg. (5th Ed.) § 267, it is stated that the duty of providing means of education at the public expense, by erecting and maintaining school houses, is a purely public duty, in the discharge and performance of which the local municipal body, as the state's representative, is exempt from corporate liability for either faulty construction, or of repair of the school buildings, or for the torts of its servants employed therein. The same doctrine was laid down in the leading case of Ham v. Mayor, etc., 70 N. Y. 459, which has recently been cited with approval in People v. Nixon, 32 App. Div. 517, 53 N. Y. Supp. 230, and Napier v. City of Brooklyn, 41 App. Div. 278, 58 N. Y. Supp. 506. In Ham v. Mayor, etc., supra, the board of education occupied for normal school purposes the upper story of a building in this city, and, through either defective sewerage or Croton water pipes, water dripped down upon the property of the plaintiff, which was stored upon the floor underneath, and damaged the same. The court of appeals held that on such a statement of facts the city of New York was not liable; that the board of education, although formally constituted a board of the city government, is charged with duties not local or corporate, but relating and pertaining to an administrative branch of the state government; that the commissioners, in the discharge of their functions, are not amenable to the city in any respect, and their employés are subject to them, and bound to obey their orders and directions, and the corporation has no authority whatever over them, and therefore cannot be held liable for their acts or negligence. The plaintiff's counsel contends that this action is for a continuance of a nuisance, and therefore the above doctrine is not applicable. In the recent case of Lefrois v. Monroe Co., 162 N. Y. 563, 57 N. E. 185, the court holds that the doctrine laid down in Ham v. Mayor, etc., supra, as well as the general principle of law established by Maxmilian v. Mayor, etc., supra, is applicable to actions which are brought for the maintenance of a nuisance. In Terry v. Mayor, etc., 8 Bosw. 504, the facts were as follows: A quantity of water which escaped from pipes on certain school premises percolated through into the plaintiff's building, causing the damage complained of. The court held that "the corporation of the city of New York are not liable either as creators or as the continuers of the nuisance resulting from the defects in a public-school building. The board of education, and not the corporation, are the erectors and custodians of those buildings." Furthermore, that case decided that, as the board of education had full custody and control of the property, it would have been trespass on the part of the city to have entered and attempted to make any repairs. In Treadwell v. Mayor, etc., 1 Daly, 123, a school wall in course of erection by contractors under the orders of the board of education fell, injuring the property of the plaintiff, who sued the city, and, although the case actually decided that the negligence, if any, was that of an independent contractor, it also held that, even if the board of education had been guilty of the negligence, the city would not have been liable, upon the same principle

as set forth in Terry v. Mayor, etc., supra. In Donovan v. Board, 85 N. Y. 117, and Same v. McAlpin, Id. 185, the plaintiff fell into the cellarway of a school building through the negligence either of the janitor or of the mason who was making repairs at the time, and it was held that the board of education was not liable, and the same general principle was laid down that the board, being a creation of the sovereign power, could not be held liable for the negligence of its employés. The Donovan cases are cited with approval in Reynolds v. Board, 33 App. Div. 94, 53 N. Y. Supp. 75, and the last-named case is directly followed by Rhall v. Board, 40 App. Div. 412, 57 N. Y. Supp. 977, in which the court says:

"It is well settled that where a municipal corporation elects or appoints an officer in obedience to an act of the legislature, as in this case, to perform a public service, in which the corporation itself has no private interest, and from which it derives no special benefit or advantage in its corporate capacity, such officer cannot be regarded as the servant or agent of the municipality, for whose negligence or want of skill it can be held liable. Maxmilian v. Mayor, etc., 62 N. Y. 165; Donovan v. Board, 85 N. Y. 117; Hughes v. Monroe Co., 147 N. Y. 49, 41 N. E. 407, 39 L. R. A. 33; Hill v. City of Boston, 122 Mass. 344; Reynolds v. Board, 33 App. Div. 88, 53 N. Y. Supp. 75."

See, also, Howard v. City of Worcester, 153 Mass. 426, 27 N. E. 11, 12 L. R. A. 160; Bates v. City of Houston (Tex. Civ. App.) 37 S. W. 383; Gilboy v. City of Detroit (Mich.) 73 N. W. 128.

Although title to all school property and buildings is vested in the city, still the board of education has full control and custody of the same, and the municipality is not liable for the malfeasance or misfeasance of its officials or subordinates on the ground either of negligence or nuisance.

It follows that the complaint must be dismissed, with costs.