Jones, J.
The trial court in sustaining the verdict relied upon the case of Fowler, Admx., v. City of Cleveland, 100 Ohio St., 158.
The city of Columbus, having a like case pending, its counsel submitted a brief herein as amici curiae.
The principal point of contention raised by counsel is whether or not the creation and maintenance of a police department by a municipality are the exercise of a governmental function. If this phase of the case is answered in the affirmative, it follows as a natural corollary that the negligence of a police officer, acting in the course of his official duties, does not impose liability upon the municipality. That a municipality is not liable for the acts of officials attached to its police department has been held by this state in two well-considered cases: Western College v. *344 City of Cleveland, 12 Ohio St., 375, and Bell v. City of Cincinnati, 80 Ohio St., 1. In the former case this court held that the city of Cleveland was not responsible for the destruction of property by a riotous assemblage, nor for the neglect of officers in not preserving the peace and preventing such destruction. This was the basic case which led this court in many later decisions to disavow municipal liability for acts performed by its officers employed in the police or fire departments. All of the states1 are in practical accord in sustaining the principle that a municipality is not liable for the neglect of/ any of its officers in the execution of what are termed! political or governmental functions. And it may not be amiss to add that there is substantial unanimity of the courts everywhere in sustaining the principle that the establishment, maintenance and operation of the police departments of a municipality are done in the exercise of governmental powers. Without citing specific cases upon the subject which sustain the rule announced, we will content ourselves with citing some of the texts under which these authorities may be found:
“A municipal corporation can under ordinary conditions incur no liability by reason of the defaults of its police department. The prevention of crime is a purely governmental function, undertaken for the benefit of the public at large, and, if police officers are appointed and paid by the various municipalities, this is done merely as a matter of convenient administration. Their duties are ordinarily prescribed by law, and they are public officers and hot the servants or agents of the city or town in which they serve.” 19 Ruling Case Law, 1119, Section 399.
*345 “When, by the action of the state, a municipal corporation is charged with the preservation of the peace, and empowered to appoint police boards and other agencies to that end, the corporation pro tanto is charged with governmental functions in the public interest and for public purposes, and in the exercise of its powers and duties in respect of the enactment and enforcement of police regulations it is .entitled to the same immunity as the sovereign granting the power unless such liability is expressly declared by the sovereign.” 28 Cyc., 1299.
“Agreeably to the principles just mentioned, po-1 lice officers appointed by a city are not its agents or j servants in such a sense as to render it responsible¡ for their unlawful or negligent acts in the discharge; of their public duties as policemen.” 4 Dillon on1 Municipal Corporations (5 ed.), Section 1656.
It has been held in many adjudicated cases that the agencies employed by the municipality for the preservation of peace and property, through control of departments created for that purpose, are merely the exercise of the delegated power of the state. The performance of an act by an official of such department, in pursuance of official duty, is not the performance of a ministerial act for which a municipality becomes liable under the maxim respondeat superior. The state itself has few or no police officers to enforce its laws, and, ordinarily, has no department within its own control to see that the property of its citizens is not devastated by fire. Therefore, both at common law and in some cases by statute, this political or governmental duty has been delegated to its political subdivisions and especially to municipalities. Not only the municipality *346 but the entire state is interested in the maintenance of law and order and in the protection of property from fire and conflagration. Its interest therein extends not only to a single community, but over the entire commonwealth. While the employment of officers for the preservation of its peace and property may be in the hands of the municipality, the duties of those officers are in their nature state and governmental.
In the discussion of municipal liability for the acts of its officers, all of the cases fall within two. divisions, one holding non-liability, where the municipality has acted in the exercise of governmental or political functions, the other holding the municipality liable where the agencies employed by it are carrying out what are known as municipal, proprietary or private interests. Whenever it appears that the municipality is acting or has acted within its proprietary functions, the courts will hold it liable, and the only divergence found in the decisions of the various courts upon that aspect of the case is the determination whether a case falls within the exercise of a purely private or proprietary function wherein liability may be imposed.
This court held in Raudebaugh v. State, 96 Ohio St., 513, that under the last clause of Section 16, Article I of the Ohio Constitution, “statutory authority is required as a prerequisite to the bringing of suits against the state.” But its subdivisions exercising governmental functions in its behalf should not be suable unless the legislature has expressly provided therefor. Supporting this principle by a large number of authorities cited in its behalf is the following from 2 Sherman & Redfield Law of Negligence (6 ed.), Section 253:
*347 “We confine ourselves here to the consideration of the extént of the liability to private actions of that large class of local corporations generally denominated municipal corporations, such as cities, towns, counties, school districts, etc., to which, for administrative purposes, the State delegates portions of its sovereign powers, to be .exercised within particular sections of its territory, for certain public purposes. To the extent that such local or special organizations possess and exercise govern-' mental powers, they are, as it were, departments of State; and as such, in the absence of any statute to the contrary, they have the privilege and immunity of the- State; they partake of the State’s prerogative of sovereignty, in that they are exempt from private prosecution for the consequences of their exercising or neglecting to exercise the governmental powers they possess. Their delegated duties are regarded as due to the public, not to individuals'; their officers are not agents of the.corporation, but of ‘the greater public,’ the State. * * * This is nothing more than an application and proper extension of the rule that the State is not liable for the misfeasance of its officers.”
Counsel for plaintiff in error insist, however, that this court, in Fowler v. Cleveland, supra, has announced a rule of liability that requires a reversal of the instant case. This court is of the opinion that there is no difference in principle between this and the Fowler case, and upon its reexamination has decided to overrule the latter. In doing so we are adhering to the~prmciple announced in Wheeler v. Cincinnati, 19 Ohio St., 19, which has not. been overruled by this court, the syllabus whereof is as fob lows: “The power conferred by the statute, on cities *348 of this state, to organize and regulate fire companies, and provide engines, etc., for'extinguishing fires, is, in its nature, legislative and governmental; and a city is not liable to individuals for damage resulting from a failure to provide the necessary agencies for extinguishing fires, or from the negligence of officers or other persons connected with the fire department.” I have not extended this opinion or alluded to the reasoning stated in the dissenting opinion, because my views are more fully expressed in Fowler v. Cleveland, supra, beginning at page 179.
In the Fowler case, the only case cited for support was that of Workman v. New York City, 179 U. S., 552. That was a New York admiralty case purely, and was governed entirely by the admiralty law. On page 184 of the Fowler case it was said: “Had the question arisen under the local laws of any of the states, it is evident the decision would have been otherwise. ” Since then the United States supreme court, in Harris v. District of Columbia, 256 U. S., 650, has confined the rule announced in the Workman case solely to admiralty cases. Speaking for the court, Mr. Justice McReynolds said at page 654 of the opinion: “Workman v. New York City, 179 U. S., 552, is not applicable. The proceeding being in admiralty, rights and liabilities of the parties depended upon the maritime code and not upon local laws of New York. Here, common-law principles apply.”
The local laws of New York then and now, as applied to the liability of a municipality for negligence of its police officials, are as follows': “Municipal corporations are not liable for the acts or omissions of their officials in relation to matters of purely gov *349 emmental concern.” Doty, Admx., v. Village of Port Jervis, 23 Misc., 313, and Wilcox v. City of Rochester, 190 N. Y., 137.
For the reasons stated, it is manifest that the trial court erred in submitting plaintiff’s case to the jury. The court of appeals should have entered judgment for the city. The judgment of the court of appeals will be affirmed, but, proceeding to render the judgment that court should have rendered, judgment is here awarded the defendant in error.

Judgment affirmed and judgment for defendant in error.

Marshall, C. J., Hough, Robinson, Matthias and Clark, JJ., concur.