Wallace v. Berger.

WALLACE v. BERGER *et al.*

1. **Fraud:** IN JUDICIAL SALES. Fraud in judicial sales will not be presumed from insufficient circumstances, but must be affirmatively shown. Facts which were held insufficient in the present case, stated.

2. **Judicial sales:** INADEQUACY OF PRICE. Mere inadequacy of price will not suffice to set aside a sheriff's sale where the transaction is shown to have been honest and free from fraud. The circumstances under which a sale of land for $261, valued at $1,600, was held not invalid on the ground of gross inadequacy, stated.

3. **Sale:** EN MASSE: PRESUMPTION. When a sheriff is directed to sell no more land than is necessary to satisfy the execution, and to offer but one tract at a time if it is subdivided, the sale will not be set aside because the land was sold in a body, if there is nothing to show that a less quantity than the whole tract could have been sold for the amount of the judgment, nor that the land was subdivided.

4. **Tax sale:** EN MASSE: PLEADING. A tax deed will not be set aside on the ground that the land was sold *en masse* instead of in subdivisions, where no such objection is made in the petition and no relief is asked upon that ground.

*Appeal from Madison District Court.*

THURSDAY, JULY 23.

THE petition and two separate amended petitions of plaintiff, set out substantially the following allegations with others not necessary to be stated: That plaintiff

recovered a judgment in the Madison District Court, September 21, 1860, for $3,343, against defendant Berger, from which he appealed to the Supreme Court, where, at the December Term, 1862, the judgment was affirmed, and the cause remanded for the appointment of a receiver to collect certain debts, etc., and apply the proceeds upon the judgment. That on the 4th day of October, A. D. 1859, West, Vardlee & West, recovered in the District Court of the same county, a judgment against said Berger for $233.50, upon which execution was issued on the 25th day of December, 1863, and eighty acres of land sold thereon, as the property of the defendant in the execution. One half the land is situated within the corporate limits of Winterset, but the whole constitutes one subdivision, being one-half of a certain quarter section. The land was bought at sheriff's sale by one Leonard, as agent for defendant Mott, and the certificate was assigned by Leonard, as the agent of Mott, to defendant Gaskill, who obtained a sheriff's deed in due time. The petition, and amended petitions, also allege that Leonard and Mott bought the said lands with certain town lots in Winterset, owned by Berger, for taxes, at a sale therefor by the treasurer of the county. The certificate was assigned to defendant Gaskill, and a treasurer's deed made to him. It is also averred, that defendant Gaskill bought these lands and the town lots of defendant Berger. It is charged that these transactions as against plaintiff are fraudulent, that the defendants confederated together for the purpose of preventing plaintiff from collecting his said judgment by the sale of said lands, lots, etc. It is also charged, that the sale of said lands upon this execution was fraudulent and illegal, because they were sold in a body and for an inadequate price. No objection to the form of the sale for taxes is made. Another amended petition was filed charging certain objections to the sheriff's and tax

sales, but was withdrawn by plaintiff. The relief asked is, that the sheriff's and tax sales and deeds be set aside, and plaintiff be permitted to redeem therefrom, and the lands and lots be held subject to the lien of plaintiff's judgment. Decree, in accordance with the prayer of petition, for plaintiff.

Defendants appeal.

*Leonard & Mott* for the appellants.
(No brief found on reporter's file.)

*M. L. McPherson* and *H. J. B. Cummings* for the appellees.

I. All of said transactions were a continuation of the former fraudulent attempt of Gaskill to prevent our collecting from said real property the amount due us under our judgment.

II. The said last mentioned purchase of Berger, and the procuring such sheriff's and treasurer's deeds, were a fraud upon us.

III. The eighty acre tract sold and conveyed by the sheriff, was sold for a grossly inadequate price.

We are aware that for this cause alone a court may refuse to disturb a sale, but gross inadequacy of price is a badge of fraud, and when coupled with other circumstances tending to show fraud, becomes conclusive. *Boyd* v. *Ellis*, 11 Iowa, 97 ; *Blake* v. *Blake*, 7 id. 46 ; *Cavender* v. *Heirs of Smith*, 1 id. 307, 355.

IV. The said eighty acre tract was sold by the sheriff as a whole, and not in its smallest subdivision.

That it was offered and sold as a whole cannot be doubted. Leonard, the agent of Mott, who made the bid, says, in his deposition, " the bid was for the entire tract." The deposition of the sheriff says it was sold, in gross, " as a whole," and the return upon his execution shows

the same, as does the deed set out by Gaskill. It has been repeatedly held, that sales in gross of property divided by law, or capable of subdivision, will be set aside. *Ritter* v. *Henshaw,* 7 Iowa, 97 ; *Grapengether* v. *Fejervary,* 9 id. 163 ; *Boyd* v. *Ellis,* 11 id. 103 ; *Bradford* v. *Limpus,* 13 id. 424 ; *Lay* v. *Gibbons,* 14 id. 377 ; *Byam* v. *Cook,* 21 id. 392 ; *Ferguson* v. *Heath,* 21 id. 439 ; *White* v. *Watts,* 18 id. 75.

We do not understand that section 3319 of the Revision changes this rule. We think that section was added to enable a debtor to divide up his land so that it would be offered for sale most advantageously, or so that what was not required to make the debt would be left in shape most to his liking. The policy of the law is to make the least necessary quantity of a debtor's property pay his debts, and we think, without any enactment, the sheriff was bound to offer the land for sale in its smallest subdivision. It will also be remembered that it was only Berger who could have divided the land under the section cited, and that we could not, and we think we cannot be prejudiced by his acts, especially when his refusal to divide was a part of an attempt to hinder us in the collection of our judgment against him.

V. The treasurer sold the land at the tax sale, "in a lump," and not in parcels.

The deeds set up by Gaskill show that two eighty acre tracts were sold as a whole for $94.04, that being the taxes, interest and costs, for the years 1859, 1860 and 1861, due on the two eighty acre tracts named in the deed. So, too, with all the other deeds, they contain several lots and blocks each. All these deeds are in the form of the deed which was set aside in *Boardman* v. *Bourne* (20 Iowa, 134) as void upon its face. Each of these deeds set out by defendants shows that the lands or lots conveyed thereby were offered for sale for the whole

amount of taxes due upon all the land conveyed by it, offered in a lump, bid for in a lump and sold in a lump.

But defendants' attorneys below claimed that we could not take advantage of the sale, or object to the conveyances because of a special section of our laws. We would only say that, in our opinion, any one can take advantage of it, or rather that a paper that is *void upon its face* does not effect, compromise, or bind any one. It can not be any evidence of a right or title in Gaskill. *Harper* v. *Sexton*, 22 Iowa, 442; *Byam* v. *Cook*, 21 id. 392; *Ferguson* v. *Heath*, 21 id. 439.

VI. That, as by the contract between Berger and Gaskill, Gaskill was to redeem from these outstanding equities, he could, by purchasing, acquire no greater interest, and such equities were extinguished; if not, they merged in whatever title he received from Berger, and he can derive no advantage therefrom.

VII. Gaskill became, by these transactions, the trustee of Berger, and the property in his hands is liable for the payment of our judgment.

BECK, J. — The evidence fails to establish fraud in the sales by the sheriff or treasurer, either on the part of the officers, purchasers, or defendant Gaskill, who claims title thereunder. We are unable to arrive at the conclusion that any bad faith was practiced by these parties in these transactions. The fact that these sales, and the title acquired thereby, may defeat plaintiff in his efforts to make his judgment out of the land, is not evidence of fraud, either absolute or constructive. Neither is there any evidence, calculated to satisfy a reasonable mind, that the purchase by Gaskill of part of the lands in controversy from Berger was fraudulent. There is not one fact proved by the whole evidence which is inconsistent with good faith. Doubtless Gaskill exhibits an

1. FRAUD: in judicial sales.

anxiety to obtain a good title to the lands, and to hold them free from the lien of plaintiff's judgment. He seems to have been quite diligent in his efforts to acquire such a title, but they are unaccompanied by fraudulent acts or concealments. The fact that a sale from Berger to Gaskill of the same lands, made some years before the sales under which he now claims title, was set aside by a decree of the court, at the suit of plaintiff, because of its fraudulent character, is insufficient to stamp the character of fraud upon the present transaction. It is not to be denied, that the record in that case is any thing but favorable to defendant Gaskill, and we are disposed to give it the full weight to which it is legally entitled. In plain words, Berger and Gaskill, as disclosed by that record, made a bold and unsuccessful attempt to defraud plaintiff. But, in truth, this is the only evidence creating a suspicion against the *bona fides* of the transactions involved in the present suit, and is overcome by positive testimony of the absence of all intention, on the part of those concerned, to defraud plaintiff or others, and by the fact that all the circumstances are such as usually attend honest transactions of the character of those involved in this suit.

The evidence fixed the value of the land sold by the sheriff at $1,600. It was sold for $261. It is claimed,

2. JUDICIAL SALES: inadequacy of price.

that this is a gross inadequacy of price, and therefore a badge of fraud. It is not pretended that the sale was not fair and honest. Neither is it shown, that it is probable the land would have sold for a greater sum under any other circumstances. The sum realized from the sale was the full amount of the judgment upon which it was sold, together with interest and costs. The party making the purchase is charged with no effort to influence the officer or prevent competition. In fact, he was not present at the sale, but contented himself with giving his bid to the sheriff before the

sale took place.  In short, the sale was fair and honest. Whether inadequacy of price is sufficient of itself to set aside a judicial sale has not been determined by this court. It is not necessary to determine this question in this case, for the price is not so grossly inadequate as to require, on that ground alone, the interference of an equity court.

In *Cavender* v. *Smith* (1 Iowa, 306) will be found a reference to cases wherein sales were held not to be for grossly inadequate prices.  The difference between the value of the lands and the prices for which they were sold is greater in many of those cases than in the case under consideration.  So in *Greenup* v. *Stokes*, 12 Ill. 25, and *Chotion* v. *McKolls*, 20 Mo. 445, even greater inadequacy of price is held not to be in itself evidence of fraud.  The fact that the taxes were unpaid, and that plaintiff held a judgment for a large amount which was a lien upon the lands, may have had an influence in preventing competition at the sale, and thus caused the lands to be sold for less than their value.

The sale of the lands for an inadequate price was not a fraud upon plaintiff.  He was not injured, but in truth benefited thereby.  He admits that he cannot enforce his judgment against the lands without redeeming from the sale.  Had the price been greater it would have required a greater sum to redeem.  He ought not to object to the sale which was thus to his advantage.

The land was sold in a body.  This is urged as an evidence of fraud.  The sheriff was required to sell no more 3. SALE: en masse: presumption. of the land than was necessary to satisfy the execution, and to offer but one tract or parcel thereof, if it was subdivided, for sale at one time.  But it is not necessary to determine whether the non-compliance of the sheriff with these requirements would entitle the plaintiff in this action to the relief asked for.  It does not appear that a less quantity than the whole tract

could have been sold for the whole amount of the judgment. On the contrary, it seems that even the whole tract would not readily sell for that sum, as an adjournment of the sale was had for want of bidders. It is not shown that the land was subdivided into lots, although it appears that a part of it was within the corporate limits of the town of Winterset. The land being but one tract, one subdivision according to the government survey, was not improperly sold in a body under the peculiar facts of the case.

The plaintiff claims that the sale of the lands and lots for taxes was *en masse*, and therefore void. No such 4. TAX SALE: objection is made in the petition, and amended en masse: pleading. petitions, upon which this case was tried ; and no relief is asked for on that ground. It cannot, therefore, be considered.

In the foregoing view of the case we arrive at conclusions which render it unnecessary to determine whether the lien of plaintiff's judgment dates from its rendition in the District Court, notwithstanding the appeal in that case to this court, and the modification of the judgment upon the case being remanded to the District Court. Unless the sheriff's and tax sales are fraudulent and void, as claimed in the petition and amended petitions, the titles acquired under them are superior to the lien of plaintiff's judgment, as claimed by him. As we cannot in this case set either of these titles aside, it becomes of no importance to determine at what date the lien of plaintiff's judgment began. It is argued, that by the terms of the contract between Berger and Gaskill, the latter was to redeem the lands from the sale by the sheriff and treasurer, and therefore the title he claimed under these sales merged in the title he acquired from Berger, which is subject to the lien of plaintiff's judgment. The evidence fails to sustain the fact here

assumed; the correctness of the conclusion drawn therefrom need not therefore be examined. The evidence incontestably establishes the fact that Gaskill's object in purchasing the certificates of the sheriff's and tax sales, was to acquire a title to the property which should be paramount to all liens. His contract with Berger, neither by its terms or spirit, prevented him doing so.

We are unable, as we have before stated, to discover fraud in the transactions complained of on the part of defendants. Whatever hardships the plaintiff must suffer on account of the sheriff's and treasurer's deeds, result from his own negligence. He has slept upon his rights. Holding a judgment, which he claims is a lien upon the property, for many years, he failed to enforce it, and suffered the time for redemption to expire under the sheriff's and treasurer's sales. Being aroused from his slumber, he asks of a court of chancery relief which was offered him by the law and which he would not accept. *Vigilantibus et non dormientibus succurrant jura.*

Plaintiff's bill is dismissed, and a decree of this court will be entered accordingly.

Reversed.