### DANIEL MURPHY *vs.* JOHN NOLAN.

Middlesex.　January 8. — May 8, 1879.　COLT & ENDICOTT, JJ., absent.

A certificate of license for the sale of intoxicating liquors, granted by the mayor
and aldermen of a city, recited that it was granted and accepted upon the
express condition that the licensee should in all respects fulfil and conform to
all the conditions or requirements of the St. of 1875, c. 99; and that, for breach
of any of its conditions or requirements, the license should become forfeited,
null and void. It was signed by the mayor and city clerk, and below their
signatures followed an "extract from chapter 99 of acts of 1875," § 6 being
quoted in full. *Held*, that the license was substantially in the form required
by the statute; and that the licensee, having fully complied with the conditions
of the license, and having displayed it on his premises according to law, was
legally licensed.

CONTRACT upon an account annexed for intoxicating liquors
sold and delivered. The case was submitted to the Superior

Court, and, after judgment for the plaintiff, to this court, on appeal, on an agreed statement of facts in substance as follows:

The defendant bought of the plaintiff at his shop the goods mentioned in the declaration, and he owes the plaintiff the amount claimed, if the plaintiff was duly licensed to sell spirituous and intoxicating liquors. All the items in the plaintiff's bill of particulars were for liquors sold not to be drunk on the premises, and were not drunk on the premises, and were purchased between June 26, 1875, and July 11, 1875.

On June 11, 1875, the mayor and aldermen of Lowell voted to grant a license to the plaintiff, subject to the conditions, requirements and liabilities of the St. of 1875, *c.* 99; and a paper, of which the following is a copy, was furnished to the plaintiff: "City of Lowell. 1875–76. Fourth Class. No. 100. License to sell liquors of any kind not to be drunk on the premises. This certifies that the mayor and aldermen of the city of Lowell hereby grant a license to Daniel Murphy, doing business at No. 68 Suffolk Street, in said city, as grocer, to sell liquors of any kind, not to be drunk on the premises, until May 1, 1876. This license is granted and accepted upon the express condition that the person or persons above licensed, shall in all respects, fulfil and conform to all the conditions or requirements of chapter 99 of the Acts of the Legislature of Massachusetts of 1875, entitled 'An Act to Regulate the Sale of Intoxicating Liquors;' and that, for breach of any of its conditions or requirements, this license shall become forfeited, null and void. In testimony whereof, the undersigned have hereunto affixed our official signatures this eleventh day of June, A. D. 1875. Francis Jewett, Mayor. Samuel A. McPhetres, City Clerk." Then followed an "extract from chapter 99 of Acts of 1875," section six being quoted in full.

All the conditions of the license have been fully complied with; it has never been revoked; and the plaintiff furnished a satisfactory bond, as required by the statute.

If, on these facts, the plaintiff was duly licensed, judgment was to be entered for the plaintiff for the sum claimed; otherwise, for the defendant.

*J. F. McEvoy*, for the plaintiff.

*W. H. Anderson*, for the defendant.

SOULE, J. The certificate of license furnished by the author ities of the city of Lowell to the plaintiff complies substantially with the requirements of the St. of 1875, *c.* 99. The conditions of the license are not recited in full in the words of the statute, above the signatures of the mayor and city clerk; but above those signatures is a statement that the license is granted and accepted upon the express condition that the licensee shall in all respects fulfil and conform to all the conditions or requirements of chapter 99 of the Acts of the Legislature of Massachusetts of 1875, entitled "An Act to regulate the Sale of Intoxicating Liquors," and that for breach of any of its conditions or requirements the license shall become forfeited, null and void. Then follows, on the same sheet, the full text of the conditions contained in the statute, headed by the words " Extract from chapter 99 of Acts of 1875." This certificate of license, with the extract from the statute, was displayed in a conspicuous place on the plaintiff's premises. Whether we regard the extract from the statute as a part of the certificate of license, or not, that certificate showed expressly that it was held subject to the conditions and requirements of the statute, which is what the statute requires that it should show. Beyond this there is nothing in the statute as to the form of the license in this particular. And if it be said that the purpose of the statute is that the instrument, when displayed on the licensed premises, shall be in such terms as to show to all persons who examine it what the conditions of·the· license are, it is plain that any one who examined the paper displayed in the plaintiff's premises had before his eyes the same means of learning those conditions as if they had been printed above the signature of the mayor.

The license having been duly voted and granted, and paid for, and its terms and conditions fully complied with by the plaintiff in all other respects, and he having, according to the requirements of the law, displayed on the premises the certificate furnished him by the proper authorities, which was in a form substantially in accordance with the provisions of the statute, he was legally licensed.                           *Judgment for the plaintiff.*