LANE v. THE DISTRICT TOWNSHIP OF WOODBURY.

1. **School Districts:** DAMAGES: NEGLIGENCE. A school district is not liable for personal injuries sustained on account of the negligent construction of its school-house, or negligence in failing to keep it in repair. Following *Kincaid v. Hardin County*, 53 Iowa, 430.

*Appeal from Woodbury District Court.*

TUESDAY, JUNE 6.

THIS is an action at law to recover for personal injuries sustained by plaintiff, an infant, from having been struck by lightning while in the school-house of defendant in attendance upon the public school. The defendant appeals from an order overruling a demurrer to the petition.

*Joy & Wright*, for appellant.

*L. S. Fawcett*, for appellee.

BECK, J.—I. The plaintiff's petition is in two counts. The first alleges negligence of defendant in permitting the lightning rods upon the school-house to become broken and out of repair, thereby causing the lightning to strike the building and inflict injury upon plaintiff; the second count charges negligence of defendant in that it failed to provide protection from lightning for the school-house, by reason whereof the building was struck by lightning and the plaintiff was injured. The defendant demurred to both counts of the petition, on the ground that no action for the matters alleged therein can be maintained against it. The judgment of the court in overruling the demurrer presents the only question arising in the case. It is this: Is a school-district liable for personal injuries sustained on account of the negligent construction of its school-house, or negligence in failing to keep it in repair?

II. A school district is a public corporation, or *quasi* cor-

*1. SCHOOL districts: damages: negligence.*

poration, created by statute for the purpose of executing the general laws and policy of the State, which require the education of all its youth. It is a branch of the State government, an instrument for the administration of the laws, and is, so far as the people are concerned, an involuntary organization. Code, § 1713. In these respects it is not different from a county, except that its functions and the purposes of its organization are more restricted, and not so numerous. The education of youth is the only purpose of the corporate school district. Its powers are restricted to the execution of this purpose. The county is a governmental instrument for the collection of taxes, and it provides officers and means for the administration of the law by the courts. It is also charged with the construction and preservation of roads and bridges; with the the support of the poor; with the registry of deeds, and the preparation and preservation of records intended to protect the property and rights of the people. It exists for various other purposes and is clothed with power incident thereto.

This court has held that a county is not liable for a personal injury inflicted by reason of the defective construction of a court-house, and negligence in failing to keep it properly lighted. *Kincaid v. Hardin County*, 53 Iowa, 430. In that case the plaintiff was in attendance at night upon the court as a witness and received injuries by reason of defective stairs of the court-house, and insufficient light. We held that the law gave him no remedy against the county. We discover no difference as to the liability of the respective corporations, between that case and this, except such as exist from the fact that the school district is far more limited in its functions and powers than the county. These differences of course do not distinguish the cases, but bring this case within the rule of the other.

We regard *Kincaid v. Hardin County*, as decisive of this case. Following that decision we order the judgment of the District Court to be

REVERSED.