EDITH L. HOWARD *vs.* CITY OF WORCESTER.

Worcester.    October 3, 1890. — March 31, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — City — Erection of Schoolhouse — Negligence of Agent.*

A city engaged in constructing a public schoolhouse upon its land is not liable for injuries occasioned to a traveller upon an adjoining highway through its servant's negligence in blasting rock while excavating for the foundation.

TORT, for personal injuries occasioned to the plaintiff while travelling along a highway in the defendant city by the negligence of its servant in blasting rock in excavating for the foundations of a schoolhouse upon adjoining land.

At the trial in the Superior Court, before *Blodgett*, J., the evidence showed that the defendant city, on April 19, 1887, duly executed a contract with one Kenney to put in the foundations and do the necessary excavating for a new public schoolhouse to be erected by the city on a lot of land which it owned; that Kenney in the course of the work proceeded to remove a ledge of rocks in the land by blasting; that the blasting was done with the knowledge of the city, with gunpowder purchased by Kenney but paid for by the city; that while blasting Kenney negligently failed to give proper notice of a blast to the plaintiff, who, in the exercise of due care, was driving along an adjoining street, and that fragments of stone from the blast were thrown into and across the street; and that the plaintiff's horse was frightened thereby, and caused the injuries in question.

The judge refused to rule, as requested by the defendant, that the plaintiff could not recover on the evidence; and the defendant, after a verdict for the plaintiff, alleged exceptions.

*F. P. Goulding*, for the defendant.

*F. A. Gaskill*, (*E. H. Vaughan* with him,) for the plaintiff.

C. ALLEN, J.    The city contends that, even assuming that Kenney was its servant in such a sense that ordinarily it might be responsible for his acts or his negligence, it is nevertheless exempt from responsibility to the plaintiff in the present case by reason of the nature of the work which it was carrying on, namely, the construction of a schoolhouse for public use.

It was held in the familiar case of *Hill* v. *Boston,* 122 Mass. 344, that a city is not responsible in damages to a child attending a public school in a schoolhouse provided by the city, under the duty imposed upon it by general laws, for an injury sustained by the child by reason of the unsafe condition of a staircase in the building. In *Bigelow* v. *Randolph,* 14 Gray, 541, a similar doctrine was applied where a scholar received an injury from a dangerous excavation in the schoolhouse yard. The doctrine was reiterated in *Sullivan* v. *Boston,* 126 Mass. 540. It has also been applied to other public grounds, like Boston Common. *Oliver* v. *Worcester,* 102 Mass. 489. *Steele* v. *Boston,* 128 Mass. 583. *Clark* v. *Waltham,* 128 Mass. 567. *Veale* v. *Boston,* 135 Mass. 187. On the same principle, a city was declared to be exempt from responsibility for a personal injury received in consequence of the defective condition of a public hospital. *Benton* v. *Boston City Hospital,* 140 Mass. 13. In other States a similar rule of exemption has been adopted in reference to schoolhouses and other public buildings maintained solely for public use and service. *Wixon* v. *Newport,* 13 R. I. 454, schoolhouse. *Eastman* v. *Meredith,* 36 N. H. 284, town-house. *Hamilton Commissioners* v. *Mighels,* 7 Ohio St. 109, court-house. *Freeholders of Sussex* v. *Strader,* 3 Harrison, 108, 121, dictum of Hornblower, C. J., as to court-houses and jails.

The principle on which this exemption from responsibility rests is, that, in the various instances referred to, the building was erected or the grounds were prepared solely for the public use, and with a sole view to the general benefit, and under the requirement or authority of general laws. In such cases, in the absence of any statute which directly, or by implication, gives a private remedy, no action lies in favor of a person who has received an injury in consequence of a negligent or defective performance of the public service.

The cases heretofore cited relate to injuries received after the completion of the work. It makes no difference, however, if the injury is caused by a negligent act done in the direct performance of the service. *Hafford* v. *New Bedford,* 16 Gray, 297. *Fisher* v. *Boston,* 104 Mass. 87. *Tindley* v. *Salem,* 137 Mass. 171. *Lincoln* v. *Boston,* 148 Mass. 578.

The plaintiff seeks to establish a distinction on the ground that her injury was received outside of the limits of the public

work; relying on an expression in the judgment in *Hill* v. *Boston*, above cited, at page 358, and on the various decisions where cities and towns have been held responsible for injuries caused by or in the course of the construction of roads and bridges, by blasting rocks, setting back water, etc.; for example, *Lawrence* v. *Fairhaven*, 5 Gray, 110; *Deane* v. *Randolph*, 132 Mass. 475; and *Waldron* v. *Haverhill*, 143 Mass. 582. These cases, however, rest on grounds which take them out of the general rule, and in the last resort it must probably be considered that, taking all the statutes together which relate to the construction of roads and bridges, it is to be inferred that the Legislature intended to recognize the existence of a liability for the consequences of negligence in the performance of the work.

In the present case, the service in which the city was engaged was purely for the benefit of the public, and we think the case falls within the general rule which exonerates it from responsibility for the consequences of its servant's negligence. The servant himself may be responsible; the city is exempt. See also *Neff* v. *Wellesley*, 148 Mass. 487; *Curran* v. *Boston*, 151 Mass. 505; *Bates* v. *Westborough*, 151 Mass. 174.

*Exceptions sustained.*