CASE 88—ACTION BY ROSAMOND ERNST AGAINST THE CITY OF WEST COVINGTON FOR PERSONAL INJURIES.—NOV. 19.

# Ernst v. City of West Covington.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—REAL ESTATE—NEGLIGENT MAINTENANCE—PERSONAL INJURIES—PUBLIC SCHOOLS—PUBLIC PURPOSE.

Held: 1. A municipal corporation, having power to acquire and hold real estate, is exempt from liability for damages for personal injuries sustained by negligence in the maintenance of such property owned by it, which is in the possession and control of a common school district and used for school purposes, the building being owned not for private or municipal uses, but for a public purpose.

J. T. HANGER, W. McD. SHAW, FOR APPELLANT.

We submit that this case does not belong to the class of cases in which cities or school trustees that maintain and conduct schools out of funds derived for that especial purpose, are held to be exempt from liability, but that the city is liable because it owned property which it negligently permitted to be and remain in a dangerous condition, and permitted children to assemble on said property with the knowledge on the part of the city that it was in such condition.

## AUTHORITIES CITED.

59 Nebraska, 84; 49 Nebraska, 849; Hill v. Boston, 122 Mass., 344; Kentucky Statutes, sec 4437; Downing v. Mason, 87 Ky., 208; Briegel v. Philadelphia, 135 Pa., 451, Whitman, &c. v. Warren, 23 R., 2120.

HALL & McLEAN, for appellee.

We contend that while it is true that appellee, as the owner of this real estate, owes it to the public to keep it in a condition so that it will not be dangerous to the general public,

Ernst v. City of West Covington.

it is not its duty to keep it in a safe condition for, the keeping of a public school.

It was the duty of the school authorities to maintain the school premises in safe condition, and this is a duty for the failure to perform which the school authorities can not be held liable.

## AUTHORITIES CITED.

Shearman & Redfield on Negligence, sec. 267; Ford v. Kendal, &c., 121 Pa., 543; Bigelow v. Inhabitants of Randolph, 214 Gray, (Mass,), 541; Wixon v. Newport, 13 R. I., 454; Finch v. Board of Education of Toledo, 30, O. St., 37; Lane v. Township of Woodbury, 25 Ia., 462; Sullivan v. City of Boston, 126 Mass., 542; Howard v. Worcester, 153 Mass., 426.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

West Covington is a city of the fifth class, with the power to acquire and hold real estate. It owned a two-story building situated within its corporate limits. The plaintiff's cause of action may be best stated by quoting from the petition as follows: "That said defendant permits said building to be used as a public school, which is attended by many children, residents of said city; said building is situated on said described ground fronting on Main street, and is about five or six feet back from the eastern boundary of said lot; that said above-described realty is about four or five feet above the grade of Main street and the sidewalk abutting said property; that the defendant had, long previous to the times herein mentioned, erected and constructed a stone wall on the eastern line of said property and adjoining the said sidewalk; that said wall was and is about four or five feet high, and the top of said stone wall was and is on a level with the said above-described property; the space between the building and said stone wall is paved with brick, and the school children all used this space as a passage to the back yard and a.

playground, which defendant and its officers and servants well knew, or ought to have known; that the said eastern boundary of said property was and had been for many months and for a long time in a dangerous condition in not having a fence or railing or some barrier along said eastern boundary, as defendant well knew, and that it was the duty of said defendant to place along the eastern boundary of said property a fence or railing or barrier to prevent children or persons from falling or being thrown over and upon the sidewalk below, and to thus protect children and persons using or passing over said property; that said defendant, its officers and agents, did wilfully, negligently, and carelessly fail to construct and erect any fence or railing or barrier on the top of said stone wall, or on any portion of the eastern line of said property, to prevent children or others from falling over same and upon the sidewalk beneath, and said defendant, its officers and agents, did wilfully, negligently, and carelessly permit said stone wall and the eastern part of said realty to remain for many months and years without any fence or railing or barriers which would prevent children and others from falling over same and upon the sidewalk below, and said defendant, its officers and agents and servants, well knew, or ought to have known, of the dangerous condition of the said eastern boundary of said property, and knew, or ought to have known, that no fence or railing or barrier was there at the time of the injuries herein complained of or had ever been there; that on or about the 4th day of October, 1901, plaintiff, Rosamond Ernst, was attending school at said building, as were numerous other children, and was rightfully on said property, and standing between said building and said stone wall, and nearer the wall than the building; that while so standing, and without fault on her part or on the part of

her parents, she was run upon and against and jostled by another child or other children, and was violently thrown upon and over said stone wall, and upon the pavement below said stone wall, and her left arm was broken, fractured, and dislocated and injured at or near the elbow, and her right arm was badly bruised and injured." The property was in the possession of and in the control of the common school district in the city of West Covington. The injured child was attending the public school, and sustained the injury in the manner described in the petition. The question is, can the city of West Covington be held liable for the damages sustained?

The State regards it as her duty to establish and maintain a system of public education. When sums have been collected for that purpose they can not be diverted to any other use or purposes. If it could be done, the system would be injured and the public suffer incalculable injury. If some one is injured by the faulty construction of a public school building or the maintenance of the grounds, no action can be maintained against the district for such injury. The law provides no funds to meet such claims.

In Shearman & Redfield on Negligence, section 267, it is said: "The duty of providing means of education, at the public expense, by building and maintaining schoolhouses, employing teachers, etc., is purely public duty, in the discharge of which the local body, as the State's representatives, is exempt from corporate liability for the faulty construction or want of repair of its school building or the torts of its servants employed therein."

In Hill v. City of Boston, 122 Mass., 344, 23 Am. Rep., 332, the court held that there could be no recovery, and stated the facts as follows: "This was an action of tort against the city of Boston. Plaintiff, who sued by his

next friend, offered to prove at the trial, in May, 1874, he was of the age of eighteen years, and was a pupil attending school in Boston, which was one of the public schools which the city was bound by law to keep and maintain; that this school was on the third floor of the building in which it was kept; that the staircase was winding, and the railing thereof so low as to be dangerous; that the city negligently constructed and maintained the building and authorized the public school to be kept therein; that the plaintiff while going to school, and being in the exercise of care, fell over the railing of the second flight of stairs, and was seriously injured. The plaintiff also offered to prove that the school committee of the city for a long time before the accident knew the building to be dangerous and unfit for the purpose of a public school, and had been notified by the teachers of the school of the dangerous condition, and had promised to repair same, and had neglected to do so."

The same court in Sullivan v. City of Boston, 126 Mass., 542, said: "As we have said before, the place where the injury happened was in the schoolhouse yard or lot, and, even if the city allowed this to be defective and dangerous, it is not liable therefor."

The same doctrine is recognized in Lane v. The District Township of Woodbury, 25 Iowa, 462, 12 N. W., 478; Howard v. Worcester, 153 Mass., 426, 27 N. E., 11, 12 L. R. A., 160, 25 Am. St. Rep., 651; Ford v. Kendal, &c., 121 Pa., 543, 15 Atl., 812, 1 L. R. A., 607.

In Wixon v. Newport, 13 R. I., 554, 43 Am. Rep., 35, the court said: "This is an action brought against the city of Newport by the plaintiff, a minor, suing by her next friend, to recover damages which she suffered by being scalded and burned in one of the public schools of the city,

by the heating apparatus there used, which the declaration alleges was carelessly kept by the city in a defective, unsafe, and dangerous condition, without sufficient guarding and protection. . . . If we understand the case aright, the ground of exemption from liability is not that the duty or service is compulsory, but that it is public, and that a municipal corporation in performing it is acting for the State or public in a matter in which it has no private or corporate interest."

Counsel for appellant concedes the law to be as stated, but claims that the city was not required by law to furnish the building for common school purposes; that the city had nothing to do with the maintaining of the public school; that it occupies the same position with reference to the house and lot as if the building had been used for other purposes. Although the city was not compelled to furnish the school trustees with the building for public school purposes, still it did so, and made that contribution to the public to aid in the promotion of education. The use of the building accomplished the same purpose as it would have accomplished had it been owned by the common school district. The building was not owned by the city for private or municipal uses, but for a public purpose. We are of the opinion that the doctrine of the cases cited should apply to the facts of this case.

The judgment is affirmed.