WHITEHEAD v. BOARD OF EDUCATION OF DETROIT.

MUNICIPAL CORPORATIONS — GOVERNMENTAL AGENCY — BOARD OF EDUCATION—NEGLIGENCE OF EMPLOYÉS—LIABILITY.
  The board of education of Detroit is a governmental agency and is not liable for the negligence of its agents in providing unsafe appliances with which a servant is directed to work.

Error to Wayne; Hosmer, J. Submitted January 19, 1905. (Docket No. 89.) Decided March 28, 1905.

Case by Harry Whitehead against the board of education of the city of Detroit for personal injuries. There was judgment for defendant on demurrer, and plaintiff brings error. Affirmed.

*Abbott & Abbott* (*M. J. Lehman*, of counsel), for appellant.

*P. J. M. Hally* (*T. E. Tarsney*, of counsel), for appellee.

BLAIR, J. Plaintiff seeks to recover damages from defendant corporation for certain personal injuries sustained by him while employed by the said defendant in the painting of one of its school buildings. The declaration is framed upon the theory that the defendant was undertaking and performing the work in question in its corporate capacity, and under the direct supervision and control of its private agents employed by the defendant for the special work of painting and repairing all of defendant's school buildings; that the said special agents employed by the said defendant were intrusted, not only with the duty of overseeing and superintending the work, but were also authorized and relied upon to properly discharge and perform all of such duties as usually devolve upon the owner, the principal, or the master, with respect to all persons who might in any way be affected by the acts, doings, and undertakings on the part of the said defendant while engaged in the repairing and painting of said school buildings.

The duty counted upon was one which, the declaration avers, the defendant, by and through said private and special agents, owed directly to the plaintiff as an individual, and under which it became and was the duty of the defendant to furnish to plaintiff a safe place in or on which to perform his work, and to also furnish to him such tools, implements, and accommodations as would be reasonably safe for the use expected of them, and which the plaintiff would be required to make of them. In assigning the breach of said duty the declaration avers that the defendant furnished to plaintiff certain appliances and accommodations, viz., a certain "guy hook," which the said defendant, through its said agents, knew was defective, and not of sufficient strength and quality and reasonably safe

and fit for the use which plaintiff was required to make of it; that as a result of said negligence on the part of said defendant the scaffold upon which plaintiff was working gave way, precipitating plaintiff to the ground, and causing him to fall a distance of some 35 feet, whereby plaintiff sustained severe and permanent injuries.

A demurrer was interposed to the declaration, alleging that "under the facts set forth in said declaration plaintiff is not entitled to recover," assigning as the reason therefor that "there is no statute in the State of Michigan making the board of education of the city of Detroit liable for the negligence of its servants or agents," and that "in the State of Michigan municipal corporations are not liable for the negligence of their servants when in the exercise of duties in connection with the governmental capacity of the corporation, unless made so by statute."

The circuit judge sustained the demurrer, filing the following opinion:

" The board of education was engaged in purely governmental work.    It was decided as long ago as *Belles* v. *Burr*, 76 Mich. 1, that the Constitution had turned all matters of education over to the legislature, and, that being so, the affairs of the board of education are as purely a State function as those of the board of health.    I therefore cannot distinguish the case from the case of *Nicholson* v. *City of Detroit*, and hence feel compelled to sustain the demurrer."

From the judgment of the court sustaining the demurrer, plaintiff appeals to this court.

In the case of *Nicholson* v. *City of Detroit*, 129 Mich. 246 (56 L. R. A. 601), the plaintiff, as administratrix of one Alfred Cope, brought action against the city of Detroit to recover for the negligent causing of his death, alleging, in substance, that the city was possessed of a parcel of land upon which was an old building that had been used by defendant as a hospital for contagious diseases, particularly smallpox; that defendant began the erection of a new building designed for a similar use, and

employed the plaintiff's intestate, who was a carpenter, to work upon the same; that the new building was located in close proximity to the old one, and that said old building and the surrounding grounds were infected with smallpox germs; that plaintiff's intestate was attacked by smallpox and died from that disease. It was alleged that defendant was negligent in not using reasonable care to furnish plaintiff's intestate a safe place to work, and in not warning him against said dangers, and in not constructing the new building at a greater distance from the old one, and in not causing the old building and the grounds to be disinfected. A second count of the declaration alleged that the deceased was employed to tear down the old building, and that while so engaged he was exposed to smallpox, and by reason thereof was seized with said disease, and died, and that defendant had assured the deceased that it was safe for him to work upon and about said building. A demurrer was interposed, which, upon the hearing, was sustained. It was held by this court upon appeal that the demurrer was rightly sustained, since the city was not liable for the negligence of its officers, because it was acting in a governmental capacity.

Section 5 of an act relative to free schools of the city of Detroit (compiler's section 596, 1904 compilation of the charter of the city of Detroit) provides:

"The school inspectors * * * shall be a body corporate, to be known and distinguished by the name and style of the 'Board of Education of the City of Detroit,' and in that name may be capable of suing and being sued, and of holding and selling and conveying real and personal property as the interest of said free schools may require."

In *Attorney General, ex rel. Kies,* v. *Lowrey,* 131 Mich. 639, this court, speaking of this class of corporations, says:

"The quasi corporations are radically different. They consist of counties, townships, school districts, highway districts, etc. They are governmental agencies, and it is,

to say the least, doubtful if they are in any respect anything else, or have any rights that can be called private. They perform many functions, but these are for and about the business and policies of the State, which has imposed upon them the responsibility and expense of maintaining highways, schools, drains, bridges, etc.   *   *   *

"The school district is a State agency. Moreover, it is of legislative creation.   *   *   *   The property of the district is in no sense private property, but it is public property devoted to the purposes of the State, for the general good, just as almshouses and court-houses are, although confided to local management, and applied to uses which are in a sense local, though in another sense general."

Applying this decision to the facts of the present case, we think the learned trial judge was correct in saying that "the affairs of the board of education are as purely a State function as those of the board of health," and that this case could not be distinguished in principle from the case of *Nicholson* v. *City of Detroit*, 129 Mich. 246 (56 L. R. A. 601), upon which he relied.

The case of *Ferris* v. *Board of Education of Detroit*, 122 Mich. 315, cited by plaintiff's counsel as requiring a different determination of the case, involved the liability of the defendant for injuries occasioned not by the negligence of its agents, but by direct act or trespass of the municipality itself. Mr. Justice LONG, speaking for the court, said:

"The trial court was of the opinion that the defendant, being a municipal corporation, could not be held liable for negligent injuries under the common law, and, there being no liability created by statute, the plaintiff could not recover. It is conceded by counsel for plaintiff that municipal corporations are not generally held liable, under the common law, for negligent injuries to individuals arising from defective plans of construction of public works or failure to keep the same in repair; but it is contended that, where the injury is the result of the direct act or trespass of the municipality, it is liable, no matter whether acting in a public or private capacity. We are satisfied that counsel for plaintiff are right in this contention. The plaintiff had the right to the exclusive use and enjoyment of his property, and the defendant had no more right to

erect a building in such a manner that the ice and snow would inevitably slide from the roof and be precipitated upon the plaintiff's premises than it would have to accumulate water upon its own premises, and then permit it to flow in a body upon his premises. It has been many times held in this court that a city has no more right to invade or cause the invasion of private property than an individual."

The case is clearly distinguishable from the case at bar, and is not at war with the conclusion reached by the trial court. We do not deem it necessary to consider the numerous authorities cited in plaintiff's brief, since we regard the question as settled by our own decisions.

The judgment is affirmed, with costs.

MCALVAY, GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.