McVEY v. CITY OF HOUSTON et al.
(No. 8675.)

(Court of Civil Appeals of Texas. Galveston. April 15, 1925.)

1. Schools and school districts ⬧120—Demurrer to petition for injuries to pupil, from falling archway of school building, held properly sustained.

In action against city and an independent school district for injury to pupil from falling archway in public school building, where petition contained no direct allegation that city either negligently erected or maintained school building, but merely alleged that either one or other of defendants was chargeable with negligent act complained of, held, that city's demurrer thereto was properly sustained.

2. Schools and school districts ⬧89—Duty of municipality to maintain public schools held a governmental function, and municipality not liable for injury to pupil.

Though duty of maintaining system of schools was delegated to a municipality, incorporated for general purposes, held, that such duty is public and governmental, and municipality is not liable for injury to pupil from falling of archway of school building, due to negligence of its agents.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by C. A. McVey against the City of Houston and another. Judgment of dismissal, and plaintiff appeals. Affirmed.

C. E. McVey and Thomas R. Cox, both of Houston, for appellant.

Sewell Myer and W. Ray Scruggs, both of Houston, for appellees.

LANE, J. This suit was brought by appellant, C. A. McVey, against the city of Houston and the Houston independent school district.

Plaintiff alleged that, when about eight year of age, he attended the Sherman school, one of the public schools in the city of Houston, in October, 1909; that, because of the faulty and negligent construction of a certain archway in said school building, it fell upon the plaintiff, and seriously injured him to his damage in the sum of $15,000; that said faulty and negligent construction of said archway was due and chargeable to the negligence of *one or both of said defendants;* that defendants knew of such faulty construction before said accident occurred; that, "as said archway was a part of a school building maintained *by defendant or defendants,* for the use and attendance of children sent there for instruction, plaintiff, being one of such class, was lawfully and properly there and in attendance thereat; * * * that said injury was sustained by plaintiff by and through no fault or negligence of his own, but solely and proximately from and through the negligence and carelessness of *one or both of said defendants herein;* * * * and that said defendants, each and both of them, have failed and refused to pay this plaintiff his damage, or any part thereof, to his great damage and injury in the aforesaid sum of $15,000." (Italics ours.)

His prayer was for judgment against defendants, "either or both of them," for his damages. Houston independent school district answered by general demurrer, and by special demurrer, for that said district was not in existence at the time of said accident, and that under the special act of the Legislature, by which it was created, it is specially provided as follows:

"Said independent school district shall not be liable for damages of any kind to property or to any person or persons injured or killed on or near any property and premises controlled by said board or under the jurisdiction thereof. Said district shall not be liable for damage to persons or property caused by any member of said board, or by any agent, servant, or employé of said board."

It also made general denial of all allegations of plaintiff's petition. City of Houston answered by general demurrer and by general denial. The court sustained the demurrers of both defendants, and upon the refusal of plaintiff to further plead, the cause was dismissed at plaintiff's cost.

Appellant does not complain of the action of the court in sustaining the general demurrer of the school district, but, to the contrary, asserts such ruling was correctly made, and his contention is that since the city of Houston is a municipal corporation, acting under a special charter granted by

the Legislature, and since said city voluntarily assumed the burden of running and operating the public schools within its corporate limits and erected school buildings, said city was liable for damages suffered by him by reason of the faulty and negligent construction of its school building, and therefore the court erred in sustaining the general demurrer of said city, for the reason that in the voluntary holding of said school building for its own use, profit, and advantage, it was the duty of the city to properly maintain same, and it became responsible for any negligent act in such maintenance resulting in injury to plaintiff.

[1] We think the demurrer was properly sustained. There is no direct and positive allegation that the city either negligently erected, or maintained, the school building, but the allegation is that either one or the other of the defendants was chargeable with the negligent act complained of. In Moody v. Benge & Jewell, 28 Tex. 545, it was held that the facts constituting the plaintiff's right to recover, and fixing liability on the defendant to the plaintiff, must be averred directly and distinctly, and that it is not sufficient that they may be supplied by inference from allegations of the petition. And in Malone et al. v. Craig, and W. B. Lipscomb v. Bryan, 22 Tex. 609, it is held that a petition should state the plaintiff's cause of action by distinct averments, and not leave it to the court to deduce the existence of one fact from the statement of another. It is apparent that the plaintiff's petition does not directly and distinctly aver that the city was chargeable with the negligent act complained of, and it is equally apparent that it does not so charge the school district. So in the present case there are no grounds for drawing an inference.

[2] Another and stronger reason for holding that the plaintiff's petition was subject to the general demurrer, is that the state of Texas has established and maintains, at the expense of the taxpayers, a system of education for all children who live within its limits, whether in an incorporated city, incorporated under a special charter, or elsewhere, and if, for purposes of convenient administration, the duty of maintaining such schools is delegated to a municipal corporation, incorporated for general purposes, such duty is, nevertheless, public and governmental, and such corporation cannot be held liable for negligence of its employees in performing such duty. It is laid down as a general rule in 19 R. C. L. § 402, page 1124, that, applying the doctrine above mentioned, such corporations are not liable for personal injuries to pupils resulting from the defective condition of the school buildings, or from the negligence of the persons in charge thereof. In the section cited it is said that—

"In such a case, it can make no difference that the duty of maintaining the public school,

in connection with which the injury occurred, was voluntarily assumed under a permissive statute rather than imposed by command of the Legislature."

The rule that an incorporated city, incorporated for general purposes, cannot be held liable for the negligence of its servants or agents in the performance of their duties, appertaining to matters purely public and governmental, is supported by the following authorities. Shanewerk v. Fort Worth, 11 Tex. Civ. App. 271, 32 S. W. 918; Blankenship v. City of Sherman, 33 Tex. Civ. App. 507, 76 S. W. 805; San Antonio v. White (Tex. Civ. App.) 57 S. W. 858; Conway v. Beaumont, 61 Tex. 10; Ernst v. Covington, 116 Ky. 850, 76 S. W. 1089, 63 L. R. A. 652, 105 Am. St. Rep. 241, 3 Ann. Cas. 882.

In City of Rockdale v. Cureton, 111 Tex. 136, 229 S. W. 852, Chief Justice Phillips, for our Supreme Court, said:

"The Constitution (section 10 of article 11) has empowered the Legislature to constitute any town or city an independent school district. The Legislature, therefore, had the power to say, as it has done in article 2871, that a city or town taking over the control of its public schools shall constitute such a district. There may thus be conferred upon a city a dual character, and with such character, dual powers. There could have been no purpose in authorizing the creating of towns and cities as independent school districts, a recognized separate class of municipal corporations with individual powers, unless in that capacity they were to have the powers of such districts.

"The city of Rockdale had lawfully acquired this dual character. It had its powers as strictly a municipality, to be exercised for strictly municipal purposes; and it had its powers as a duly constituted independent school district. The two are not to be confused."

It is clear from the case last cited that it is held by our Supreme Court that an independent school district, though wholely composed of the territory of an incorporated city, is not to be confused with the city, the municipality, incorporated strictly for municipal purposes, which said purposes do not include the maintenance of public schools which are creatures of the state.

In Ernst v. City of West Covington, 116 Ky. 850, 76 S. W. 1089, 63 L. R. A. 652, 105 Am. St. Rep. 241, 3 Ann. Cas. 882, it is said:

"The state regards it as her duty to establish and maintain a system of public education. When sums have been collected for that purpose they cannot be diverted to any other use or purposes. If it could be done, the system would be injured and the public suffer incalculable injury. If some one is injured by the faulty construction of a public school building or the maintenance of the grounds, no action can be maintained against the district for such injury. The law provides no funds to meet such claims. In Sherman & Redfield on Negligence, § 267, it is said: 'The duty of providing means of education, at the public ex-

pense, by building and maintaining schoolhouses, employing teachers, etc., is purely public duty, in the discharge of which the local body, as the state's representatives, is exempt from corporate liability for the faulty construction or want of repair of its school building or the torts of its servants employed therein.'

"In Hill v. City of Boston, 122 Mass. 344, 23 Am. Rep. 332, the court held that there could be no recovery, and stated the facts as follows: 'This was an action of tort against the city of Boston. Plaintiff, who sued by his next friend, offered to prove at the trial, in May, 1874, he was of the age of 18 years, and was a pupil attending school in Boston, which was one of the public schools which the city was bound by law to keep and maintain; that this school was on the third floor of the building in which it was kept; that the staircase was winding, and the railing thereof so low as to be dangerous; that the city negligently constructed and maintained the building and authorized the public school to be kept therein; that the plaintiff while going to school, and being in the exercise of care, fell over the railing of the second flight of stairs, and was seriously injured. The plaintiff also offered to prove that the school committee of the city for a long time before the accident knew the building to be dangerous and unfit for the purpose of a public school, and had been notified by the teachers of the school of the dangerous condition, and had promised to repair same, and had neglected to do so.'

"The same court in Sullivan v. City of Boston, 126 Mass. 542, said: 'As we have said before, the place where the injury happened was in the schoolhouse yard or lot, and, even if the city allowed this to be defective and dangerous, it is not liable therefor.'

"The same doctrine is recognized in Lane v. The District Township of Woodbury, 25 Iowa, 462, 12 N. W. 478; Howard v. Worcester, 153 Mass. 426, 27 N. E. 11, 12 L. R. A. 160, 25 Am. St. Rep. 651; Ford v. Kendal, etc., 121 Pa. 543, 15 A. 812, 1 L. R. A. 607.

"In Wixon v. Newport, 13 R. I. 554, 43 Am. Rep. 35, the court said: 'This is an action brought against the city of Newport by the plaintiff, a minor, suing by her next friend, to recover damages which she suffered by being scalded and burned in one of the public schools of the city, by the heating apparatus there used, which the declaration alleges was carelessly kept by the city in a defective, unsafe, and dangerous condition, without sufficient guarding and protection. * * * If we understand the case aright, the ground of exemption from liability is not that the duty or service is compulsory, but that it is public, and that a municipal corporation in performing it is acting for the state or public in a matter in which it has no private or corporate interest.'

"Counsel for the appellant concedes the law to be as stated, but claims that the city was not required by law to furnish the building for common school purposes; that the city had nothing to do with the maintaining of the public school; that it occupies the same position with reference to the house and lot as if the building had been used for other purposes. Although the city was not compelled to furnish the school trustees with the building for public school purposes, still it did so, and made that contribution to the public to aid in the promotion of education. The use of the building accomplished the same purpose as it would have accomplished had it been owned by the common school district. The building was not owned by the city for private or municipal uses, but for a public purpose. We are of the opinion that the doctrine of the cases cited should apply to the facts of this case.

"The judgment is affirmed."

We are firmly of the opinion that the court did not err in sustaining the demurrers addressed to the plaintiff's petition. We therefore affirm the judgment.

Affirmed.