O. D. FORD, Appellant, v. INDEPENDENT SCHOOL DISTRICT, Appellee.

C. L. HOOVER, Appellant, v. INDEPENDENT SCHOOL DISTRICT, Appellee.

Nos. 43721, 43722.

JUNE 15, 1937.

Ferguson & Ferguson, for appellants.

Kimball, Peterson, Smith & Peterson, and Wilson & Wilson, for appellee.

RICHARDS, C. J.—The plaintiff in each of the above entitled cases perfected an appeal. The defendant in these two cases being the same school district, and the facts being identical, so far as the issues in the appeals are concerned, the cases have been consolidated for submission in this court.

In his petition each plaintiff alleged as his cause of action the following matters: That defendant is a duly organized independent school district. That in February, 1934, plaintiff was employed as a painter by the Civil Works Administration, an instrumentality of the Federal Government. That previous to the time of such employment the Civil Works Administration and defendant school district had made an agreement and arrangement whereby plaintiff with others were to be employed in

the painting of a room in defendant's high school building. That plaintiff entered upon the performance of such work with the knowledge and consent of and at the request of defendant. That at the instance of and under the authority of defendant a temporary scaffold was built and placed in said room and permitted by defendant to remain there for the purpose of plaintiff and others using the same in painting the room's ceiling. That such use by plaintiff was known by defendant. That the superintendent of defendant's school, acting in behalf of defendant, was personally present and observed the scaffold upon which plaintiff was working. That one Jackson was employed by defendant to be present and supervise and direct the work done by plaintiff and others at the time of and just prior to the accident. That said Jackson knew or should have known of the faulty condition of the scaffold and that it constituted an unsafe place for plaintiff to work. That said scaffold on account of its improper construction broke and partially fell, plaintiff being thereby precipitated to the floor while painting said ceiling. That physical injuries of plaintiff resulted. Each petition further alleged that there was at said time existing an implied warranty and implied contract between plaintiff and defendant to the effect that plaintiff would have a safe place to work and that the scaffolding was properly built and that it would be strong enough in all its parts to hold plaintiff and others doing like work on the ceiling at said time. Each petition further alleged that because of its faulty construction the scaffold constituted an unsafe place for plaintiff to work and that this fact was known or should have been known by defendant. That, therefore, the implied agreement and implied warranty that it was a safe place to work, existing by virtue of law, between plaintiff and defendant at said time, was breached. That the defendant's failure to comply with said warranty and agreement breached the implied contract and plaintiff's damage is the direct and proximate result thereof. On account of such alleged damages plaintiff in each case prayed personal judgment against defendant.

Demurrers were filed by the school district to the petitions. Each demurrer alleged that the petition did not state facts entitling plaintiff to the relief demanded, for the following reasons:

First, that the petition shows on its face that, defendant being an independent school district, it cannot be held liable or

to account while engaged in or exercising a governmental function as shown by the facts in the petition.

Second, that there is no showing in the petition of any power or authority on part of any employee, agent, or officer of defendant school district, to enter into an implied agreement or any other type of agreement as attempted to be alleged in plaintiff's petition so as to enlarge or to create any liability on the part of the defendant while engaged in a governmental function.

Third, that plaintiff being an employee of the Civil Works Administration, any contract entered into between defendant and the Civil Works Administration could not and did not enlarge the liability of defendant for any injuries or damages sustained by plaintiff while and in which defendant was exercising a governmental function.

Fourth, that no implied contract could be alleged or proven which could create a liability for injuries sustained while defendant school district was engaged in the performance of a governmental function.

The demurrers were sustained. Each plaintiff electing to stand upon his petition, a judgment was entered in each case against the plaintiff for costs, and dismissing the petition. Therefrom the plaintiffs have taken these appeals.

In support of their proposition that the court erred in sustaining the demurrer, appellants urge that the act of repairing, or painting as it was, was for the specific benefit of the school district, and, therefore, was a ministerial act. Consequently, say plaintiffs, the rule of nonliability on part of municipal corporations for negligence in performing governmental functions is not applicable. We are of the opinion, however, that this contention counters our previous pronouncements, which have been recently reviewed by this court in Larsen v. Independent School District, opinion by Mr. Justice Parsons, 223 Iowa 691, 700, 272 N. W. 632, 637. In the Larsen case plaintiff's decedent, as an invitee, was upon a platform in one of defendant's school buildings. He fell from the platform and was fatally injured. Recovery of damages was sought on the ground that defendant school district was negligent in that the platform was constructed in a dark place, that a curtain should not have been unfastened and that defendant should have had an iron or a steel netting as a permanent background for the platform. There were further allegations that the curtain was not fastened nor of a per-

manent nature, creating a dangerous situation. The trial court sustained defendant's motion for a directed verdict, one ground of which being that in the operation and maintenance of the schoolhouse in question and the place where decedent received his injuries, the school district was acting in a purely governmental capacity, and because acting in such capacity was not liable in damages resulting from the negligence of its officers, employees and agents. After a review of previous holdings of this court, the opinion in the Larsen case held that defendant's motion for directed verdict was rightly sustained. From the opinion:

"So we think from the decisions of the courts of Iowa, that there is a line of distinction between incorporated cities and towns and such corporations as counties, and school districts, the latter being what are known as quasi corporations, and only for governmental purposes. A school district is an organization simply for the purpose of carrying on the schools, for that and nothing else. It is only a quasi corporation, and in the face of these decisions it seems to us it would be very disregardful of the law for the court to hold that in a case of this character here that the school district is liable."

We are of the opinion that the holding in the Larsen case sustaining the contention of defendant therein that in the operation and maintenance of its schoolhouse the district was acting in a purely governmental capacity, is determinative of plaintiffs' proposition that we are discussing. In reason and upon the authorities the painting of the ceiling was clearly one of the things incidental to and a part of the maintenance of the school building of defendant district, and was not proprietory but governmental in its nature. See, also, Lane v. Dist. Twp. of Woodbury, 58 Iowa 462, 12 N. W. 478, holding that a school district is not liable on account of negligent construction of or failure to keep in repair its school house, the district being an instrument of the state for the administration of the laws.

The foregoing conclusion is material to a consideration of the remaining contentions of plaintiffs. One of these is that there existed an implied contract or implied warranty between plaintiffs and defendant that plaintiffs would have a safe place in which to work. The relation that existed between plaintiffs and defendant, at the time of plaintiffs' injuries, has been deter-

.mined by this court in an appeal from previous actions brought by plaintiffs Hoover and Ford to recover from defendant under the Iowa Workmen's Compensation Act (Code 1931, section 1361 et seq.). In the opinion, found in Hoover v. Independent School Dist., 220 Iowa 1364, 1367, 264 N. W. 611, 613, it was held:

"The circumstances in this case are such that it cannot possibly be said that there was any contract of service, express or implied, between these workers and the school district. The workers were employed, told when and where to work, and paid for their services, by the Civil Works Administration. The contract of service which these workers had was entirely with the Civil Works Administration."

The opinion further holds that these plaintiffs were actually working for the Civil Works Administration when their injuries were received, and that the rule of the loaned employee, even if recognized by us, would not apply, and that confirmation of this view is found in the fact that these plaintiffs received the benefits accruing to employees of the Federal Government suffering injuries in course of their employment. The result is that the contention that there was an implied contract or warranty, above mentioned, cannot be grounded upon any common law or statutory duty of an employer to an employee. Nor do plaintiffs contend that the alleged implied contract and warranty grew out of the relation of employer and employee. What they do say in argument is that the petitions allege that plaintiffs entered upon the performance of the work with the knowledge and consent of defendant pursuant to a contract between defendant and the Civil Works Administration that the painting should be done. Plaintiffs further rely on the allegations that the scaffold that failed had been built and placed in the room at the instance of and under authority of defendant and permitted by defendant to remain there for the purpose of use by plaintiff and others. It is our opinion that no contract or warranty binding defendant school district, as claimed by plaintiffs, can be implied from such alleged state of facts. These alleged acts of defendant, if they transpired, were things done by defendant through its representatives and agents in the performance of governmental functions for the negligent doing of which the school district could not be held to respond in dam-

ages. Contracts implied in law rest on legal fiction. They arise. from law or natural equity. When one is under legal obligation to perform a duty a promise may be inferred that the duty will be fulfilled. But in the case here there was no legal obligation owing by the school district to plaintiffs while defendant was engaged in performance of a governmental function. There having been no legal duty or obligation, there was nothing as to the doing of which the law would imply or infer a promise on part of defendant. Our conclusion has support in other jurisdictions. In Whitehead v. Board of Education, 139 Mich. 490, 102 N. W. 1028, plaintiff alleged: That he had been employed by the defendant school district to paint its school buildings, and that defendant owed plaintiff the duty to furnish a safe place in which to work and to furnish him tools and accommodations reasonably safe for the use expected of them; that defendant furnished plaintiff a guy hook that defendant knew was defective and as a result the scaffold on which plaintiff was working gave way causing him to fall and receive the injuries for which he claimed damages. A demurrer to the petition was sustained, the grounds being that there was no statutory liability, and further that in the state of Michigan municipal corporations are not liable for the negligence of their servants when in the exercise of duties in connection with a governmental capacity of the corporation unless made so by statute. On appeal it was held the demurrer was properly sustained. See, also, Kinnare v. Chicago, 171 Ill. 332, 49 N. E. 536.

In argument plaintiffs make reference to section 1495, Code 1931. This statute has to do with assumption of risks by employees in certain cases. Plaintiffs' argument does not point out wherein they consider this statute applicable to the situation before us, in which the relationship of employer and employee does not exist, nor are we able to discover any relevancy.

Finding no error, the two above-entitled cases are affirmed. —Affirmed.

PARSONS, HAMILTON, ANDERSON, SAGER, KINTZINGER, STIGER, and DONEGAN, JJ., concur.